345 So.2d 1116 (1977)
Mary Lewis JOHNSON and Preferred Risk Mutual Insurance Company, Appellants,
v.
Mary L. PHILLIPS, Edmund Phillips and Auto Owners Insurance Company, Appellees.
No. 76-398.
District Court of Appeal of Florida, Second District.
May 20, 1977.
A.J. Melkus, Lakeland, for appellants.
Eugene W. Harris, Peterson, Carr, Harris & Seacrest, Lakeland, for appellees Phillips.
Edward E. Fessenden, Jr., Lane, Massey, Trohn, Clarke, Bertrand & Smith, Lakeland, for appellee Auto Owners Ins. Co.
HOBSON, Acting Chief Judge.
The only point on this appeal and cross appeal which merits discussion is whether or not the appellee, Mary Phillips, crossed the threshold requirement provided for in Florida Statute 627.737(2).
Appellants contend that Mrs. Phillips did not prove within a reasonable medical probability that she suffered a permanent injury. In support of this contention appellants rely on Avis Rent-A-Car System, Inc. v. Stuart, 301 So.2d 29 (Fla.2d DCA 1974). In that case this court held that the injured party did not have a permanent injury, although at the time of trial he was still experiencing pain in his lower back, tightness in his upper back, a certain amount of limitation of motion of his right arm, and could not lift objects which prior to the accident he was capable of lifting. This *1117 was held to be insufficient proof of permanent injury because the only medical testimony was that the injured party had no permanent injury. There was no medical testimony that the subjective complaint, i.e., pain, was permanent.
The medical testimony in the instant case shows that Mrs. Phillips was suffering from a post-concussion syndrome or post-traumatic syndrome. The symptoms of such syndromes are headaches and dizziness. Dr. Taxdal, a Neurosurgeon, was asked these questions and gave these answers:
"Q And at this time now that we have had two successive normal electroencephalogram tests, your position is that the injury is not permanent but the complaints may well be permanent, the subjective complaints.
A Yes, I am so stating that.
Q Doctor, just so that there is no question when you say you are so stating that, you are stating with an opinion based upon reasonable medical probability that this patient does not in fact have a permanent injury. Is that correct?
A I have stated that within reasonable medical certainty I feel the patient's complaints are permanent. I have further stated for clarification I do not feel she has permanent injury of an organic nature that I can see."
It is clear from Dr. Taxdal's testimony that in his opinion to have a permanent injury it must be of an organic nature or what is sometimes called "objective findings."
Mrs. Phillips' initial injury was of an organic nature, to wit, a brain concussion. This organic injury resulted in "permanent injury" albeit it manifests itself through subjective complaints of pain, which complaints, according to the medical testimony, are permanent.
We interpret the words "permanent injury" in Florida Statute 627.737(2) to include permanent subjective complaints of pain resulting from an initial organic injury. Therefore, we hold that Mrs. Phillips crossed the threshold requirements of Florida Statute 627.737(2) and affirm the judgments appealed.
McNULTY and SCHEB, JJ., concur.