BASKIN, Judge.
Robert Jones and Eolyn Jones, his wife, appeal the trial court's entry of an adverse final judgment in accordance with a jury verdict. We reverse.
The Joneses filed an action against Cornelian Smith to recover damages for injuries Robert sustained in an automobile accident. At the charge conference, the Joneses requested the court to instruct the jury on the meaning of the term “permanent injury” contained in section 627.737(2), Florida Statutes (1983), to reflect that “the words permanent injury include subjective complaints obtained resulting from an initial organic injury.” The requested instruction followed the decision in Johnson v. Phillips, 345 So.2d 1116 (Fla. 2d DCA 1977). The trial court denied the request; it did not give an instruction defining “permanent injury.” The jury returned a verdict against the Joneses, and the trial court entered final judgment pursuant to the verdict. On appeal, the Joneses assert that the trial court committed reversible error when it refused to give their requested instruction. We agree and reverse.
In L.K. v. Water’s Edge Assoc., 532 So.2d 1097 (Fla. 3d DCA 1988), we stated:
A party is entitled to have the trial court instruct the jury on his or her theory of the case when the evidence, even though controverted, supports the theory. The failure to give a requested instruction constitutes reversible error only when the requested instruction “contain[s] an accurate statement of the law, ... the facts in the case supported] a giving of the instructions, and ... the instructions [are] necessary for the jury to properly resolve the issues in the case.” Sears, Roebuck & Co. v. McKenzie, 502 So.2d 940, 942 (Fla. 3d DCA), review denied, *202 511 So.2d 299 (Fla.1987). The appellate court will not set aside a verdict merely because an instruction which might have been proper was not given; the court must conclude that the jurors were misled by the trial court’s failure to give the requested instruction.
L.K., 532 So.2d at 1098 (citations omitted).
Although Smith admitted liability, it was incumbent upon Jones to prove that his injury was permanent within a reasonable degree of medical probability in order to meet the statutory threshold requirement. § 627.737(2), Fla.Stat. (1983). At trial, however, a defense expert witness rejected the use of legal terminology in favor of medical terminology, preferring to use the term “impairment” instead of “injury.” Jones introduced expert evidence that he sustained a permanent, partial disability as a result of the accident. To add to the confusion, the record indicates that the jurors were not fully cognizant that the legal definition of “permanent injury” included subjective complaints. Thus, the court’s refusal to instruct the jury on the correct law as well as on plaintiffs’ theory of the case may well have obfuscated the jury’s understanding of plaintiffs’ burden of proof. Under these circumstances, reversal is required.
We find no error in the trial court’s denial of plaintiffs’ motion for directed verdict in view of the deductible provision on the PIP coverage. See § 627.739(1), Fla.Stat. (1983).
Reversed and remanded for a new trial ' on damages.
HUBBART, J., concurs.