584 So.2d 1012 (1991)
Rosa RIVERO and Frederico Rivero, Appellants,
v.
Michael MANSFIELD and Mary Gross Mansfield, Appellees.
Nos. 89-1941, 89-1851.
District Court of Appeal of Florida, Third District.
April 23, 1991.
Rehearing Denied September 27, 1991.
*1013 Gary E. Garbis, Miami, for appellants.
Goodhart, Rosner, Simon, Greenberg & Humbert, Jeanne Heyward, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL, HUBBART, NESBITT, BASKIN, FERGUSON, JORGENSON, COPE, LEVY, GERSTEN and GODERICH, JJ.

ON CONSIDERATION EN BANC
BASKIN, Judge.
Rosa Rivero and Frederico Rivero, her husband, appeal a final judgment and amended final judgment. We affirm the final judgment and reverse the amended final judgment.
The Riveros sued Mary and Michael Mansfield for damages for injuries Rosa sustained in an automobile accident. The Riveros alleged that as a result of her injuries Rosa was in constant pain that left her unable to work and caused her to become deeply depressed. At trial, the Mansfields admitted liability. The trial proceeded on the issues of damages and whether the Riveros crossed the permanent injury threshold requirement of section 627.737(2), Florida Statutes (1983). According to the Riveros' medical experts' testimony, Rosa's permanent pain constituted a permanent injury; however, the Mansfields' medical experts testified that she did not sustain a permanent injury.
At the close of trial, the Riveros, relying on Johnson v. Phillips, 345 So.2d 1116 (Fla. 2d DCA 1977), requested the court to instruct the jury: "The words `permanent injury,' as used in the Florida No-Fault Law, include permanent subjective complaints of pain resulting from an initial organic injury." The trial court rejected the Riveros' requested instruction. Instead, it instructed the jury: "In this case, the plaintiff does allege a permanent injury. Therefore, in order to recover in the case, the plaintiff must prove by the greater weight of the evidence that she has sustained a permanent injury within reasonable medical probability." The jury returned a verdict in the Riveros' favor, awarding them the uncontested amount of Rosa's unpaid medical bills, but finding that Rosa had not sustained a permanent injury. Consequently, the trial court entered a final judgment in accordance with *1014 the jury verdict. The Mansfields then requested the court to reduce the judgment by 80% pursuant to section 627.737, Florida Statutes (1983). The trial court granted the motion and entered an amended final judgment for the reduced amount. The Riveros filed this appeal.
The Riveros argue that the trial court erred in failing to give the requested instruction. We disagree, and in so doing, recede from our decision in Jones v. Smith, 547 So.2d 201 (Fla. 3d DCA 1989).[1] Section 627.737 permits a plaintiff to recover damages for pain, suffering, mental anguish, and inconvenience "only in the event that the injury consists in whole or in part of: ... (2) Permanent injury within a reasonable degree of medical probability." § 627.737(2), Fla. Stat. (1983). The statute does not define permanent injury, but requires that permanent injury be established within reasonable medical probability. Rosa testified that she suffers permanent pain. Although she introduced expert medical testimony that such pain constitutes permanent injury, defendants' medical experts testified that Rosa does not have a permanent injury. Consequently, the jury's obligation was to decide the weight to be given the evidence, a matter within the jury's province. An instruction that permanent injury includes permanent subjective complaints of pain incorrectly informs the jury that under the statute permanent pain is always permanent injury. In effect, such an instruction directs the jury to disregard the testimony of defense medical experts and is tantamount to the court directing a verdict for plaintiffs on the issue of permanent injury. See Gencorp, Inc. v. Wolfe, 481 So.2d 109 (Fla. 1st DCA 1985). The court's instruction tracking the language of the statute was appropriate because it properly informed the jury that its obligation was to determine whether the plaintiff had sustained a permanent injury within a reasonable degree of medical probability, in light of all the testimony. We therefore affirm the final judgment.
For the following reasons, however, we reverse the amended final judgment in which the court reduced the jury's award. The Mansfields maintain that the court properly reduced the judgment because the Riveros have the option of suing their insurance carrier to require it to provide coverage. That argument is not persuasive. Nothing in the law "prevents injured persons from waiving their rights to receive insurance benefits and suing the tortfeasor for the full amount of their damages." Purdy v. Gulf Breeze Ent., Inc., 403 So.2d 1325, 1329 (Fla. 1981); Blue Cross & Blue Shield of Fla. v. Matthews, 498 So.2d 421, 422 (Fla. 1986). The record establishes that the Riveros' insurance carrier has refused to provide them any benefits; no rule requires them to recover from the carrier.
Finally, we are not convinced by appellees' assertion that section 627.739(1), Florida Statutes (1983), requires the subtraction of the amount of the Riveros' deductible from the jury award. Section 627.739(1), contains no mandate that a tortfeasor's obligation to pay damages be reduced by the amount of the victim's deductible. "[T]he overriding purpose of the statute is to assure complete insurance coverage for injuries." Kwechin v. Industrial Fire & Cas. Co., 409 So.2d 28, 30 (Fla. 3d DCA 1981), approved, 447 So.2d 1337 (Fla. 1983);[2]see generally International Bankers Ins. Co. v. Arnone, 552 So.2d 908 (Fla. 1989). Appellees have not provided any authority to support their unorthodox proposition; we therefore decline their invitation to so construe the statute. For these reasons, the amended final judgment *1015 is reversed, and the cause remanded to the trial court to reinstate the final judgment.
The remaining points on appeal lack merit.
Affirmed in part; reversed in part; remanded.
NOTES
[1] In Jones v. Smith, 547 So.2d 201 (Fla. 3d DCA 1989), we held that the trial court had committed reversible error in refusing plaintiff's request to instruct the jury that in section 627.737(2) "the words permanent injury include subjective complaints obtained resulting from an initial organic injury." Jones, 547 So.2d at 201. Although in some cases, permanent pain may constitute permanent injury, the factfinder must base its decision as to permanence on all the testimony and evidence.
[2] Subsequent amendments to section 627.739 have not altered the legislative purpose of the statute. Fortune Ins. Co. v. McGhee, 571 So.2d 546 (Fla. 2d DCA 1990).