602 So.2d 648 (1992)
Dorothy PHILON and Willie C. Philon, Appellants/Cross-Appellees,
v.
Rohan R. REID, Appellee/Cross-Appellant.
No. 91-02260.
District Court of Appeal of Florida, Second District.
July 10, 1992.
Rehearing Denied August 17, 1992.
*649 Kendall A. Almerico of Berkowitz & Almerico, Tampa, for appellants/cross-appellees.
John N. Jenkins and William E. Hennen of Shofi, Smith, Hennen, Smith, Jenkins, Stanley & Gramovot, P.A., Tampa, for appellee/cross-appellant.
CAMPBELL, Judge.
Dorothy and Willie Philon, the trial court plaintiffs in a personal injury case arising out of an automobile accident, appeal the order granting the defendant below, Rohan Reid, a new trial on the issue of damages alone. The order for a new trial was based upon the trial court's finding that the jury's damage verdict was "clearly excessive." Because the trial judge neither stated reasons for finding the verdict "clearly excessive," nor did he first order a remittitur pursuant to the mandate of section 768.043(1), Florida Statutes (1989), we reverse and remand with instructions. In doing so, we also reject Mr. Reid's issues on cross-appeal as being without merit.
Mrs. Philon was a fifty-four-year-old office cleaner who was injured when her car was rear-ended by an automobile owned and driven by Mr. Reid. Mr. Reid admitted sole liability for the accident leaving only the issues of permanency of injury and damages for the jury's consideration.
The evidence showed that Mrs. Philon was first treated by an emergency room physician who noted that she suffered from severe pain in her cervical and lumbar spine and severe muscle spasm and pain on motion. X-rays showed straightening of her cervical spine. He placed her in a cervical collar, gave her pain medications and muscle relaxants and released her to follow up treatment with a physician of her choice.
Her follow-up physician, Dr. Michael Shreeve, testified that she initially suffered from serious neck pain, headaches, low back problems and pain radiating into her right leg. Physical examination and x-rays revealed numerous abnormalities resulting from the automobile accident. Although his treatment relieved some of her pain, she was left with a permanent neck injury due to damage to her C-3 and C-5 vertebrae. He testified that her permanent injuries would require further treatment for an undetermined time.
Dr. A.E. Warner, III examined Mrs. Philon at the request of her automobile insurance carrier. He agreed with Dr. Shreeve that the accident caused Mrs. Philon to suffer a permanent injury due to retrolisthesis at C-3/C-5 in her cervical spine. He also testified that she would need future treatment for an undetermined time and would be permanently restricted from lifting more than twenty-five pounds.
The record also revealed evidence that the automobile accident severely affected Mrs. Philon's life and marriage. Prior to the injury, she had no neck, back or leg problems. As a result of the accident, there was evidence that she is no longer *650 able to ride a bicycle or engage in fishing, a favorite pastime, without neck or back pain. She has been forced because of economic necessity to continue her work as an office cleaner despite the often severe pain. Her right leg is often very painful and also is often completely numb. She was forced to give up being a church usher due to her inability to stand or walk for long periods. She has difficulty sleeping at night due to pain. Her demeanor and personality also changed dramatically as a result of her constant pain. Her life is disrupted by the need for frequent visits to her physician and the need for continual use of pain medication.
An employer testified that she was "one of the strongest ladies [he] ever met" prior to the accident, but the accident had seriously weakened her and he frequently observed her in serious pain. He continued to employ Mrs. Philon despite her reduced ability to work and despite her continual pain.
Mrs. Philon's husband, Willie C. Philon, testified that the accident had seriously affected his wife's life and their marriage. He was forced to do house and yard work that Mrs. Philon had done before the accident. Despite his wife's stoic personality, her pain was obvious and had a tremendous effect on the couple's marital relations.
The defense, having admitted liability for the accident, called no witnesses regarding the collision. Defense counsel agreed that the collision was not a "fender bender," and was severe enough to bend the back of Mrs. Philon's car. The defense called only one witness, Dr. Lawrence Cohen, who testified that Mrs. Philon had not suffered a permanent injury in the accident. On cross-examination, he testified that following his single examination of Mrs. Philon he reached a diagnosis of chronic neck and back pain. He also testified that he discovered a diminishment of sensory perception in the top of her right foot, a loss of range of motion in her low back, pain in the right sacral region of her low back, pain on performing deep knee bends, pain in the superscript area of her neck on the right, and pain upon motion in her neck. He testified that he performs an average of ten independent medical examinations for defense attorneys per week charging an average of $790.00 per examination.
Mrs. Philon presented evidence that her past medical bills were $3,101.71; the jury awarded her that amount. She presented no evidence concerning economic or loss of earnings damages and requested and received no such award of damages. The medical testimony concerning future medical care was nonspecific due to what was described as Mrs. Philon's deteriorating condition, but it was estimated that she should receive treatment from eight to ten times a year to once or twice a month for the rest of her life and that in today's dollars such treatments would cost approximately $30.00 each. Mrs. Philon's counsel suggested an award of $8,928.00 for future medical expenses and the jury awarded her $35,000.00. Her counsel suggested $9,460.00 for past pain and suffering damages and the jury awarded zero damages. Mrs. Philon's counsel suggested $22,630.00 for future pain and suffering damages and the jury awarded $100,000.00. Counsel requested $5,000.00 in loss of consortium damages for Mrs. Philon's husband, Willie C. Philon, and the jury awarded him $10,000.00.
The defendant/appellee, Reid, filed a motion for new trial which the trial court granted on the issue of damages alone. Without making any supporting findings, the court merely stated that "[t]he verdict in this case is clearly excessive and should be set aside and a new trial granted on the issue of damages."
The order granting a new trial on damages upon solely unsupported findings that the verdict is "clearly excessive" violates the requirements of Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978). An order directing a new trial must give reasons for doing so which refer to the record. The record in this case is not voluminous. We have carefully examined the entire record and are convinced by our independent review that there is no factual basis in the record that the trial judge can reliably refer to that will support his conclusions *651 that the damage verdict is "clearly excessive" in light of the standards enunciated in Bould v. Touchette, 349 So.2d 1181 (Fla. 1977) ["verdict should not be disturbed unless it is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate." Id. at 1184-1185]. Neither is there any suggestion or evidence that the jury was influenced by matters outside the record. Although we followed this procedure of independently reviewing the record in Hawk v. Seaboard System Railroad, Inc., 547 So.2d 669 (Fla. 2d DCA), rev. dismissed, 549 So.2d 1014 (Fla. 1989), under Prime Motor Inns, Inc. v. Waltman, 480 So.2d 88 (Fla. 1985), we are not permitted to independently examine the record to determine if there is in fact any support for the court's order. We are instead required to relinquish jurisdiction to the trial court to enter an order specifying reasons for its grant of a new trial. In Prime Motor Inns, Inc., our supreme court held:
In its decision, the district court stated that the new trial order failed to "state reasons supporting the court's conclusions," and that it was "unable to discern reasons justifying the trial court's decision to grant a new trial," [Waltman v. Prime Motor Inns, Inc.,] 446 So.2d 185 at 186, and concluded that the order granting the new trial should be vacated and the jury verdict of $500,000 reinstated.
The trial court's order clearly failed to "specify the specific grounds" for granting a new trial when the verdict is determined to be contrary to the manifest weight of the evidence, as required by rule 1.530(f), Florida Rules of Civil Procedure, and explained by Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978), and Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla. 1980). The district court, however, also failed to comply with that part of rule 1.530(f), Florida Rules of Civil Procedure, which states:
If such an order is appealed and does not state the specific grounds, the appellate court shall relinquish its jurisdiction to the trial court for entry of an order specifying the grounds for granting the new trial.
(Emphasis added.) This provision ensures that an appellate court knows the reasons for the trial court's action before determining whether the trial judge has abused his or her discretion in granting a new trial. To allow appellate courts to make an independent determination of whether a jury of reasonable persons could have returned the verdict without knowing the reasons of the trial judge or applying the appropriate test to determine whether the trial judge abused his or her discretion allows appellate courts to substitute arbitrarily their judgment for that of the trial court and to ignore the second sentence of rule 1.530(f). We hold that the district court was mandated to relinquish its jurisdiction to the trial court for an order specifying the grounds for granting the new trial and, thereafter, to consider those reasons in determining whether the trial judge had abused his discretion in entering the new trial order in accordance with the dictates of this Court in Baptist Memorial Hospital; Castlewood International Corp. v. LaFleur, 322 So.2d 520 (Fla. 1975); and Cloud v. Fallis, 110 So.2d 669 (Fla. 1959).
480 So.2d at 89-90; (emphasis supplied).
While, as we have stated, we feel perfectly capable of examining a record such as the one before us to determine if there is record support for the unspecific conclusions of a trial judge to grant a new trial because of an "excessive" verdict, we conclude we are prohibited from doing so by the holding in Prime Motor Inns, Inc. We are, therefore, compelled to relinquish jurisdiction to the trial court to enter an order specifying the grounds for a new trial on the issue of damages.
However, we also conclude that the order for a new trial under review has another defect. In ordering the new trial on the issue of damages, the trial judge failed to follow the mandate of section 768.043(1), Florida Statutes (1989), to order a remittitur prior to ordering a new trial *652 because the damages are deemed excessive. On remand, the trial judge shall consider the factors prescribed in section 768.043(2) and the record of the proceedings to determine if he can state support for his conclusion that the verdict is excessive. If the trial judge still concludes the verdict is excessive, he shall order a remittitur and if the remittitur is rejected, a new trial. If after review of the criteria of section 768.043(2) and the record of the trial, the trial judge determines that his previous conclusion that the verdict is "clearly excessive" is not supportable by specific findings, the jury verdict shall be reinstated. Either party aggrieved by the further proceedings in the trial court may appeal anew those disputed matters.
Appellee/cross-appellant Reid has argued in his cross-appeal that the trial judge erred in giving a jury instruction that "[t]he term permanent injury includes the term subjective complaints resulting from an initial organic injury." Appellee argues that we should recede from our holding in Johnson v. Phillips, 345 So.2d 1116 (Fla. 2d DCA 1977), cert. denied, 358 So.2d 131 (Fla. 1978) and instead concur with the Third District's contrary holding in Rivero v. Mansfield, 584 So.2d 1012 (Fla. 3d DCA 1991), jurisdiction accepted, 592 So.2d 1091 (Fla. 1992). We decline to do so and adhere to Johnson, particularly in view of Sullivan v. Price, 386 So.2d 241 (Fla. 1980), and the objective medical evidence and testimony contained in this record that supports a finding of permanent injury to Mrs. Philon.
Reversed and remanded with instructions.
LEHAN, C.J., and PATTERSON, J., concur.