608 So.2d 886 (1992)
Doris English SMEY, Appellant,
v.
Alfonso WILLIAMS and Eleanor Williams, His Wife, Appellees.
No. 92-1.
District Court of Appeal of Florida, Fifth District.
October 30, 1992.
Rehearing Denied December 4, 1992.
Richard S. Womble and Randy E. Schimmelpfennig of Rissman, Weisberg, Barrett & Hurt, P.A., Orlando, for appellant.
John N. Hamilton of Nance, Cacciatore, Sisserson & Duryea, Melbourne, for appellees.
COWART, Judge.
In a personal injury action the jury was submitted a special verdict in which *887 they specifically found that the plaintiff had not sustained a permanent injury and awarded the plaintiff $11,000 for past medical expenses and past loss of earnings, and $80,480 for damages for future medical expenses and future lost earning ability. The defendant appeals, arguing that the jury cannot award damages for future medical expenses and lost earnings without making a finding that the plaintiff had suffered a permanent injury. We do not agree and affirm.
The defendant's argument at trial seemed to be that the Florida Motor Vehicle No-Fault Law §§ 627.730-627.7405, Fla. Stat.) prohibits the recovery of future economic damages in the absence of an affirmative finding of a permanent injury. The Florida Motor Vehicle No-Fault Law limits the right of a person involved in a motor vehicle accident to bring an action for damages sought for bodily injury, sickness or disease. Section 627.737(1), Florida Statutes, provides that no action may be brought to recover damages for bodily injury, sickness or disease to the extent the damages are covered by the insurance (Personal Injury Protection) required by section 627.736(1), Florida Statutes. Section 627.737(2), Florida Statutes, provides that no action may be brought to recover damages in tort for pain, suffering, mental anguish and inconvenience because of bodily injury, sickness, or disease resulting from a motor vehicle accident, unless a threshold requirement is met. This threshold requirement includes: (a) significant and permanent loss of an important bodily function, (b) permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement, (c) significant and permanent scarring or disfigurement or (d) death.
The statute establishes an exemption from tort liability for a class of damages paid or payable by PIP (medical expenses, lost wages). An injured party is not precluded from bringing suit against the vehicle owner or operator for these damages in excess of the statutorily required insurance amount. Chapman v. Dillon, 415 So.2d 12 (Fla. 1982). An injured party may recover excess damages relating to medical expenses and loss of earnings as a result of bodily injury, sickness or disease whether or not those two items of damages accrued in the past (prior to trial) or will be suffered in the future (after trial). See Iowa National Mutual Ins. Co. v. Worthy, 447 So.2d 998 (Fla. 5th DCA 1984); Bennett v. Florida Farm Bureau Casualty Ins. Co., 477 So.2d 608 (Fla. 5th DCA 1985); 3 Florida Torts §§ 101.50-56 (1992). See contra, Josephson v. Bowers, 595 So.2d 1045 (Fla. 4th DCA 1992).
On appeal the defendant takes the position that the Florida Motor Vehicle No-Fault Law was not the controlling point and that under general law existing prior to and in the absence of statute, future economic damages could not be recovered in the absence of a permanent injury. When the members of the appellate panel hearing oral argument in this case questioned this assertion, the defendant seemed to finally retreat to the proposition that evidence had to clearly support damages relating to injuries such as future medical expenses and future loss of earnings. With this last proposition we agree. The evidence in this case is adequate to support the verdict and, therefore, we
AFFIRM.
COBB and GRIFFIN, JJ., concur.