613 So.2d 1316 (1993)
STANDARD JURY INSTRUCTIONS  CIVIL CASES (1.0, 6.1D, MI8).
No. 80914.
Supreme Court of Florida.
February 11, 1993.
Donald H. Partington, Chair, Standard Jury Instructions Committee (Civil), Pensacola, for petitioner.
PER CURIAM.
The Florida Supreme Court Committee on Standard Jury Instructions (Civil) has submitted three new civil jury instructions and requests that it be authorized to publish them as additions to the standard instructions. The committee has spent several years working on these instructions, revising them several times to reflect suggestions received after the proposed additions had been published. We commend the committee for its efforts and authorize the publication and use of 1.0, Preliminary Voir Dire Instruction, 6.1d, Motor Vehicle No Fault Threshold Instruction, and MI8, Fraudulent/Negligent Misrepresentation. In doing so we express no opinion on the correctness of these instructions and remind all interested parties that this approval forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instruction. The new instructions are appended to this opinion and will be effective the date this opinion is filed.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.

1.0

Preliminary Voir Dire Instruction
The attorneys and I will be asking you questions to help us decide which of you will serve as jurors in this case. The questions are asked to determine if your decision in this case might be influenced by some personal experience or special knowledge that you have concerning the subject of this trial, the parties, witnesses, or attorneys or by opinions that you now hold. It is not unusual for people to have strong feelings about certain subjects or to identify with or feel some partiality toward one side or the other. However, it would be a violation of your oath as prospective jurors to fail to answer truthfully and as completely as possible our questions about such matters.
Please understand that these questions are not meant to embarrass you or to pry into your personal affairs. They are intended to obtain a fair and impartial jury to try this case. It is your duty to answer completely and truthfully all of the questions that will be asked of you. Any failure to answer truthfully and completely may require this case to end in a mistrial or to be tried again.

6.1

d. Motor vehicle no fault threshold instruction:
If you find for the (defendant)(s), you will not consider the matter of damages. However, if you find for (claimant), you shall next determine the issue of permanency, that is, whether (claimant) sustained an [injury] [or] [disease] as a result of the incident complained of which consists in whole or in part of:
[(1) significant and permanent loss of an important bodily function;] [or]
[(2) significant and permanent scarring or disfigurement;] [or]
[(3) a permanent injury within a reasonable degree of medical probability, other than scarring and disfigurement].
If the greater weight of the evidence does not support the claim of (claimant) on the issue of permanency, you should [award to claimant an amount of money which the greater weight of the evidence shows will fairly and adequately compensate (claimant) for damages caused by the incident in question] [see Note on use 3]. You shall consider the following elements of damage:
*1317 Note: here enumerate those damages recoverable in the absence of a finding of permanency.
[and which have not been paid and are not payable by personal injury protection benefits].
However, if the greater weight of the evidence does support the claim of (claimant) on the issue of permanency, then you should also consider the following elements:
Note: enumerate those damages in S.J.I. 6.2 as applicable. If there is an issue of comparative negligence, refer to 6.1(c) for additional language and instructions.

Notes on use
1. Use the appropriate bracketed numbered provision applicable to the evidence adduced in the case.
2. Use of the threshold instruction will in most cases require the use of an interrogatory verdict form.
3. If there is proof that a claimant will incur future damages that are not excluded from recovery by section 627.737, Florida Statutes (1991), such as where claimant at trial is not at maximum medical improvement and will have a limited period of future lost income or medical expenses, it will be necessary to add the following language after the word "question": "including any such damage as (claimant) is reasonably certain to [incur] [experience] in the future."

Comments
1. See section 627.737(2), Florida Statutes (1991).
2. The committee has placed the threshold instruction after instructions on negligence because the statute sets a threshold to the recovery of noneconomic damages only. If claimant does not establish permanency, claimant may still be entitled to recover economic damages that exceed personal injury protection benefits. See § 627.737(2), Fla. Stat. (1991); Smey v. Williams, 17 Fla. L. Weekly 2477, [608 So.2d 886] (Fla. 5th DCA 1992); Cronin v. Kitler, 485 So.2d 440 (Fla. 2d DCA), review denied, 492 So.2d 1333 (Fla. 1986); McClellan v. Industrial Fire & Casualty Ins. Co., 475 So.2d 1015 (Fla. 4th DCA 1985); Bennett v. Florida Farm Bureau Casualty Ins. Co., 477 So.2d 608 (Fla. 5th DCA 1985); see contra Josephson v. Bowers, 595 So.2d 1045 (Fla. 4th DCA 1992). Therefore, negligence will still be an issue for the jury to decide where there are recoverable economic damages even in cases where no permanency is found. If, however, there are no recoverable damages or such damages are not submitted to the jury, then the court may wish to modify the instruction. For example, the court may instruct the jury: "If the greater weight of the evidence does not support the claim on the issue of permanency, then your verdict should be for the defendant."
3. Section 627.737(2), Florida Statutes (1991), does not define "permanent injury within a reasonable degree of medical probability" that is established by expert testimony. Morey v. Harper, 541 So.2d 1285 (Fla. 1st DCA), review denied, 551 So.2d 461 (Fla. 1989); Fay v. Mincey, 454 So.2d 587 (Fla. 2d DCA 1984); Horowitz v. American Motorist Ins. Co., 343 So.2d 1305 (Fla. 2d DCA 1977); see Bohannon v. Thomas, 592 So.2d 1246 (Fla. 4th DCA 1992). Therefore, the instructions do not attempt to define the terms and leave their explanation to the testimony of the experts and argument of counsel. See Rivero v. Mansfield, 584 So.2d 1012 (Fla. 3d DCA 1991), quashed in part, approved in part, 1993 WL 25116, no. 78,856 (Fla. Feb. 4, 1993); see contra Philon v. Reid, 602 So.2d 648 (Fla. 2d DCA 1992), review granted, 614 So.2d 503 (Fla. 1993).

MI 8

FRAUDULENT MISREPRESENTATION NEGLIGENT MISREPRESENTATION

(Issues and Elements)

a. Fraudulent misrepresentation  issues:
On (claimant's) claim for fraudulent misrepresentation, the issues for your determination are:
First, whether (defendant) [intentionally][*] made a false statement concerning a material fact;
*1318 Second, whether (defendant) knew the statement was false when [he] [she] made it or made the statement knowing [he] [she] was without knowledge of its truth or falsity;
Third, whether in making the false statement, (defendant) intended that another rely on the false statement;
Fourth, whether (claimant) relied on the false statement;
Fifth, whether (claimant) suffered [loss] [injury] [or] [damage] as a result.
[*] The word "intentionally" should be used for clarity when there is also a claim for negligent misrepresentation.

b. Reliance  fraudulent misrepresentation:
[On the claim for fraudulent misrepresentation][*] The (claimant) may rely on a false statement, even though its falsity could have been discovered had (claimant) made an investigation. However, (claimant) may not rely on a false statement if [he] [she] knew it was false or its falsity was obvious to [him] [her].
[*] The bracketed language should be used for clarity when there is also a claim for negligent misrepresentation.

c. Negligent misrepresentation  issues:
On (claimant's) claim for negligent misrepresentation, the issues for your determination are:
First, whether (defendant) made a false statement to another concerning a material fact;
Second, whether in the exercise of reasonable care under the circumstances, (defendant) should have known the statement was false;
Third, whether in making the false statement, (defendant) intended that another rely on the false statement;
Fourth, whether (claimant) reasonably relied on the false statement;
Fifth, whether (claimant) suffered [loss] [injury] [or] [damage] as a result.

d. Material fact:
A material fact is one that is of such importance that (claimant) would not have [entered into the transaction] [acted], but for the false statement.

e. Burden of proof on claim:
If the greater weight of the evidence does not support the claim of (claimant), your verdict should be for (defendant). However, if the greater weight of the evidence does support the claim of (claimant), [then your verdict should be for (claimant) and against (defendant)] [then you shall consider the defense raised by (defendant)] [instruct on any pertinent defense].

f. Burden of proof on defense[*]:
If the greater weight of the evidence supports the defense, your verdict should be for (defendant). However, if the greater weight of the evidence does not support the defense and does support the claim of (claimant), your verdict should be for (claimant) and against (defendant).
[*] Use this instruction only if an appropriate affirmative defense is raised.

g. "Greater weight of the evidence" defined:
"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

h. Damages:
If you find for (defendant), you will not consider the matter of damages. But, if you find for (claimant), you should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate (claimant) for [describe appropriate elements of those damages incurred by claimant as a result of the misrepresentation][*].
Note on use: See 6.12 regarding punitive damages on a fraud claim. First Interstate Development Corp. v. Ablanedo, 511 So.2d 536 (Fla. 1987).

*1319 Comments
1. It appears that Florida recognizes two separate theories of recovery for damage occurring as a result of misrepresentation. One basis of recovery is for fraud and the other is for negligent misrepresentation. The elements of those two theories are set forth in First Interstate Development Corp. v. Ablanedo, 511 So.2d 536 (Fla. 1987); Johnson v. Davis, 480 So.2d 625 (Fla. 1985); Lance v. Wade, 457 So.2d 1008 (Fla. 1984); Atlantic National Bank v. Vest, 480 So.2d 1328 (Fla. 2d DCA 1985), review denied, 491 So.2d 281 (Fla. 1986); Wallerstein v. Hospital Corp. of America, 573 So.2d 9 (Fla. 4th DCA 1990).
2. The recipient of a fraudulent misrepresentation is justified in relying upon its truth, even where an investigation might have revealed its falsity, unless he or she knows the representation to be false or its falsity is obvious to him or her. Besett v. Basnett, 389 So.2d 995 (Fla. 1980).
3. There must be actual damage for recovery in a fraud action. Fraud that does not result in damage is not actionable. Casey v. Welch, 50 So.2d 124 (Fla. 1951); Stokes v. Victory Land Co., 99 Fla. 795, 128 So. 408 (1930); Pryor v. Oak Ridge Development Corp., 97 Fla. 1085, 119 So. 326 (1928); Wheeler v. Baars, 33 Fla. 696, 15 So. 584 (1894); National Aircraft Services, Inc. v. Aeroserv International, Inc., 544 So.2d 1063 (Fla. 3d DCA 1989); National Equipment Rental, Ltd. v. Little Italy Restaurant & Delicatessen, Inc., 362 So.2d 338 (Fla. 4th DCA 1978).
The damage attributable to the fraud must be separate from the damages flowing from a breach of contract. AFM Corp. v. Southern Bell Telephone & Telegraph Co., 515 So.2d 180 (Fla. 1987); John Brown Automation, Inc. v. Nobles, 537 So.2d 614 (Fla. 2d DCA 1988); Rolls v. Bliss & Nyitray, Inc., 408 So.2d 229 (Fla. 3d DCA 1981), dismissed, 415 So.2d 1359 (Fla. 1982); National Aircraft Services, Inc. v. Aeroserv International, Inc., 544 So.2d 1063 (Fla. 3d DCA 1989).
4. Pending further development of the law, the committee reserves the question of whether comparative negligence is a defense to a negligent misrepresentation claim and, if so, the effect of such defense.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.