619 So.2d 1010 (1993)
Lynn KETCHEN, Appellant,
v.
Richard DUNN and Jeffrey Mason Dunn, Appellees.
No. 92-02807.
District Court of Appeal of Florida, Second District.
May 14, 1993.
Rehearing Denied June 16, 1993.
*1011 Scott A. Hunter and Frank J. Currie, Law Offices of Bernard Walsh, Sarasota, for appellant.
M. Castillo, David J. Lonigro, and David P. Rhodes, Haas, Austin, Ley, Roe & Patsko, P.A., Tampa, for appellees.
SCHOONOVER, Judge.
The appellant, Lynn Ketchen, challenges a final judgment entered in her favor and against the appellees, Richard Dunn and Jeffrey Mason Dunn. We find that the trial court erred by not permitting the jury to award future medical expenses to the appellant but affirm in all other respects.
The appellant filed this action in the circuit court after she was involved in an automobile accident. The appellant was injured when the car she was driving was struck in the rear by an automobile which had first been struck in the back by the appellees' motor vehicle.
The trial court, prior to trial, granted the appellant's motion for summary judgment on the issue of liability, and the case proceeded to trial on the issue of damages. The appellant claimed that she had sustained a permanent injury within a reasonable degree of medical probability and was, therefore, in addition to other damages, entitled to recover for the pain, suffering, mental anguish, and inconvenience she suffered as a result of the accident. See § 627.737(2), Fla. Stat. (1989).
During the course of the trial, conflicting medical evidence was presented to the jury concerning both the cause of the appellant's post accident physical condition and the permanency of any injuries she received in the accident. In addition to the medical evidence, the appellant testified to ongoing subjective complaints of pain in her neck and jaw.
Prior to the case being submitted to the jury, the appellant requested that the jury be instructed that the words "permanent injury" include permanent subjective complaints of pain resulting from an initial organic injury. The appellant's requested instruction was refused. The trial court also refused the appellant's request that the verdict form permit the jury to award an amount for future medical expenses even if they found that the appellant had not sustained any permanent injuries as a result of the accident.
At the conclusion of the trial, the jury returned a verdict finding that the appellant had not sustained a permanent injury as a result of the accident. The appellant was awarded $37,836.72 for past medical expenses. The appellant filed a timely notice of appeal from the judgment that was entered as a result of the jury's verdict.
Although the appellant raises four points on appeal, we find that only two merit discussion. First, the appellant contends that the trial court erred when it refused the appellant's request that the jury be instructed that the words "permanent injury" include permanent subjective complaints of pain resulting from an initial organic injury. Next, the appellant contends that the court erred when it refused to permit the verdict form to allow for a determination of special damages for future medical expenses absent a finding of permanent injury. We find that the trial court properly refused the requested jury *1012 instruction concerning permanent injury but, as already mentioned, agree with the appellant's contention that the jury should have been allowed to award future medical expenses even though it found that the appellant did not sustain a permanent injury.
Throughout these proceedings, the appellant has taken the position that she met the threshold requirements of section 627.737(2) because she established that she had sustained a permanent injury as a result of the automobile accident. Because of the conflicting evidence presented to the jury, they had to resolve the conflicts and could have done so either way. In addition to medical testimony that the appellant had sustained a permanent injury, the appellant testified to ongoing subjective complaints of pain in her neck and jaw. In Johnson v. Phillips, 345 So.2d 1116 (Fla. 2d DCA 1977), cert. denied, 358 So.2d 131 (Fla. 1978), we affirmed a finding of permanency based upon somewhat similar evidence. In Johnson, we held that an organic injury can result in permanent injury that manifests itself through subjective complaints of pain. We, therefore, held that the words "permanent injury" included permanent subjective complaints of pain resulting from an initial organic injury. In this case, the appellant, in addition to testifying to subjective complaints of pain, presented medical evidence which, if believed, would have supported a finding of permanency. See Howard v. Newman, 363 So.2d 65 (Fla. 1st DCA 1978). If the jury had accepted this testimony, we would have upheld that finding. See Howard; Johnson. The appellees, however, presented evidence which, if believed, supported the verdict reached in this case, i.e. that the appellant did not sustain a permanent injury as a result of the accident in question. The jury evidently believed this testimony and found that the appellant did not sustain a permanent injury. We must also uphold this finding.
The appellant does not take the position that the question of permanency was not a jury question but contends that the jury should have been properly instructed on the law so that it could make this determination. As previously mentioned, the appellant contends that the court should have instructed the jury that the words "permanent injury" include permanent subjective complaints of pain resulting from an initial organic injury and that the failure to do so requires us to reverse for a new trial on the issue. We disagree.
We agree that a party has the right to have the jury instructed on the law applicable to the evidence under the issues presented. Ruiz v. Cold Storage & Insulation Contractors, Inc., 306 So.2d 153 (Fla. 2d DCA), cert. denied, 316 So.2d 286 (Fla. 1975). Prior to the supreme court's decision in Mansfield v. Rivero, 620 So.2d 987 (Fla. 1993), we would have agreed with the appellant's contention that her requested instruction was proper. We would then have had to decide whether it was reversible error not to give the instruction. Giordano v. Ramirez, 503 So.2d 947 (Fla. 3d DCA 1987); Ruiz.
In Rivero v. Mansfield, 584 So.2d 1012 (Fla. 3d DCA 1991), one of our sister courts, sitting en banc, held that an instruction that permanent injury includes permanent subjective complaints of pain incorrectly informs the jury that under the statute permanent pain is always permanent injury. The court said that, in effect, such an instruction directs the jury to disregard the testimony of defense medical experts and is tantamount to the court directing a verdict for the plaintiffs on the issue of permanent injury. In Philon v. Reid, 602 So.2d 648 (Fla. 2d DCA 1992), jurisdiction accepted, 614 So.2d 503 (Fla. 1993), this court refused to follow our sister court's holding in Rivero and held that in view of the objective medical evidence and testimony supporting a finding of permanent injury, the trial court did not err by instructing the jury that "the term permanent injury includes the term subjective complaints resulting from an initial organic injury." As mentioned above, if the supreme court had not recently decided the Rivero case, based upon this court's decision in Philon, we would at this point have to determine if the trial court's refusal to give the appellant's *1013 requested instruction required reversal. Giordano.
The supreme court, however, in Mansfield v. Rivero, 620 So.2d 987 (Fla. 1993), quashing in part and approving in part, Rivero v. Mansfield, 584 So.2d 1012 (Fla. 3d DCA 1991), approved the Third District's holding that the appellant's requested instruction was inappropriate. To the extent that the supreme court's holding is in conflict with this court's decision in Philon, it, of course, controls. We, accordingly, hold that the trial court did not err in refusing to give the appellant's requested instruction concerning permanent injury.[1]
We agree with the appellant's contention that the court erred by refusing the appellant's request that the verdict form allow the appellant to recover for future medical expenses even if the jury found that the appellant did not sustain a permanent injury. Although Florida's no fault scheme establishes an exemption from tort liability for a class of damages paid or payable by PIP, an injured party is not precluded from bringing an action against the vehicle owner or operator for damages in excess of the statutorily required amount. An injured party may recover excess damages relating to medical expenses and loss of earnings as a result of bodily injury, sickness, or disease whether or not those two items of damages accrued in the past or will be suffered in the future. Smey v. Williams, 608 So.2d 886 (Fla. 5th DCA 1992). Since the appellant presented evidence supporting her claim for future medical expenses, the court erred in not allowing the jury to determine if the appellant was entitled to them. Smey. See also Cronin v. Kitler, 485 So.2d 440 (Fla. 2d DCA), rev. denied, 492 So.2d 1333 (Fla. 1986). Contra Fazzolari v. City of West Palm Beach, 608 So.2d 927 (Fla. 4th DCA 1992); Josephson v. Bowers, 595 So.2d 1045 (Fla. 4th DCA 1992).[2]
We, accordingly, reverse and remand for a new trial solely on the issue of future medical expenses, if any. We affirm in all other respects.
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and THREADGILL, J., concur.
NOTES
[1] The committee comments to the Standard Jury Instructions-Civil Cases, 613 So.2d 1316 (Fla. 1993), are noteworthy. The comments by the Standard Jury Instructions Committee state that "[s]ection 627.737(2) does not define `permanent injury within a reasonable degree of medical probability' that is established by expert testimony." (Cites omitted.) The comments then state that "[t]herefore the instructions do not attempt to define the terms and leave their explanation to the testimony of the experts and argument of counsel." A "see" cite of Rivero with a "see contra" cite of Philon follows.
[2] The committee comments to the Standard Jury Instructions-Civil Cases, 613 So.2d 1316 (Fla. 1993), are again noteworthy. The comments by the committee indicate that "[i]f claimant does not establish permanency, claimant still may be entitled to recover economic damages that exceed personal injury protection benefits." A "see" cite of section 627.737(2), Florida Statutes (1991), and Smey follows.