638 So.2d 35 (1994)
CITY OF TAMPA, Petitioner,
v.
J.D. LONG, et al., Respondents.
No. 80804.
Supreme Court of Florida.
May 26, 1994.
*36 Pamela K. Akin, City Atty. and Jack M. Larkin, Asst. City Atty., Tampa, for petitioner.
Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for respondent.
OVERTON, Justice.
We have for review City of Tampa v. Long, 605 So.2d 1345 (Fla. 2d DCA 1992). This case involves a personal injury suit brought by an automobile accident victim. The issue at trial was whether Long, the victim, had suffered a permanent injury so as to meet the requirements of the Florida No-Fault Law. The jury found that Long had a permanent injury and awarded damages. The district court affirmed the trial court judgment and, in so doing, approved a jury instruction which advised the jury that "permanent injury within a reasonable degree of medical probability may include permanent subjective complaints of pain." The district court acknowledged conflict with Rivero v. Mansfield, 584 So.2d 1012 (Fla. 3d DCA 1991), approved in part, 620 So.2d 987 (Fla. 1993). We find that there is conflict and a need to resolve the confusion resulting from the Long and Mansfield decisions. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. For the reasons expressed, we reaffirm Mansfield and, because the special jury instruction given in the instant case was not balanced, we quash the decision of the district court in Long.
*37 The record in this case reflects that Helen Long was injured in an automobile accident involving a vehicle owned by the City of Tampa. Long sought damages for her injuries which consisted mostly of pain in her neck and lower back. The City defended the lawsuit on the ground that Long had failed to satisfy the requirements of section 627.737, Florida Statutes (1989), a provision of the Florida Motor Vehicle No-Fault Law. Under this statute a plaintiff's injuries are recoverable only if the injuries are "permanent ... within a reasonable degree of medical probability." § 627.737(2)(b). Both Long's physician and the City's examining physician noted Long's subjective complaints of pain. In addition, Long's physician testified that he had observed evidence of her injuries and that, in his opinion, the pain was of a permanent nature. The City's physician disagreed and testified that he could find no evidence that Long had suffered a permanent injury. Further testimony revealed that prior to the accident Long had suffered from numerous ailments including arthritis, complaints of pain on the left side of her neck with restricted mobility, tenderness of the neck caused by arthritis, and pain in the left shoulder and neck which required x-rays and treatment.
Long's attorney offered the following special jury instruction: "the word permanent injury within a reasonable degree of medical probability may include permanent subjective complaints of pain." The City objected to the jury instruction on the ground that the instruction was repetitive, redundant, and contrary to the law. The trial judge rejected the City's argument, included the requested jury instruction in his charge to the jury, and, after the jury returned a verdict in favor of Long, entered judgment in the amount of $92,093.90. The trial court denied the City's motion for a new trial and the district court affirmed.
In its petition, the City of Tampa reasserts its argument that the trial court erred in giving the special jury instruction. According to the City, giving this instruction was tantamount to directing a verdict for Long and essentially told the jury to disregard the testimony of the City's expert witnesses. This objection is based both on the type of evidence required to prove a "permanent injury" and on the form of the jury instruction. In response Long argues that the Mansfield decision was wrong and that, even if it is correct, the instruction in the instant case differs from the instruction disapproved in that case.
Our decision in this case requires a construction of the no-fault law contained in section 627.737, which provides, in relevant part, as follows:
(2) In any action of tort brought against the owner... of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.7405, ... a plaintiff may recover damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury ... arising out of the ownership ... of such motor vehicle only in the event that the injury ... consists in whole or in part of:

.....
(b) Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.
§ 627.737(2), Fla. Stat. (1989) (emphasis added).
There are two issues to be resolved in this case. The first issue we must address is whether a permanent injury can be established when the only evidence of that permanent injury is based on the subjective complaints of the claimant. The second issue concerns the proper jury instruction, given the provisions of section 627.737.

Subjective Complaints of Pain to Establish a Permanent Injury
With regard to the first question, the statute requires that the plaintiff establish the existence of a physical injury and prove that this injury is permanent. Both elements must be proven "within a reasonable degree of medical probability." We find that the statute does not limit the evidence to objective findings to establish the existence or permanency of a physical injury. Unlike an obvious injury, a soft tissue injury may lack objective signs of physical injury, and the subjective complaint of the patient may be the principal evidence available to prove its existence.
*38 However, the statute does provide a check on the evidence with its requirement that the existence and permanency of the injury be established "within a reasonable degree of medical probability." By the terms of the statute, a mere recitation of the plaintiff's subjective complaints of pain is insufficient to prove a permanent injury  the plaintiff must also present expert medical testimony to establish the existence and permanency of the alleged injury. In the instant case, Long provided such testimony when a medical expert testified concerning Long's subjective complaints of pain and stated that the pain was permanent. There was also conflicting medical evidence presented to the jury, as well as direct evidence that the pain was the result of previous injuries. We conclude that subjective evidence of pain may properly be used to prove the existence and permanency of an injury provided that expert medical testimony is presented to establish its existence and permanency within a reasonable degree of medical probability.

Jury Instruction
The next question concerns the proper jury instruction. The pertinent portion of the special jury instruction presented in this case reads as follows:
Before J.D. and Helen Long can recover for pain and suffering, you must find by the greater weight of the evidence that J.D. and Helen Long have suffered a permanent injury within a reasonable degree of medical probability.
The words permanent injury within a reasonable degree of medical probability may include permanent subjective complaints of pain resulting from an initial organic injury.
If you find that J.D. Long and Helen Long have not suffered a permanent injury within a reasonable degree of medical probability, then you will not consider the general damages of J.D. Long but you will consider the medical expenses and loss of earnings that are not payable by permanent injury protection.
If you find that J.D. and Helen Long have suffered a permanent injury, then you [will] consider all of the damages sustained by them.
(Emphasis added.)
In Rivero v. Mansfield, 584 So.2d 1012 (Fla. 3d DCA 1991), approved in part, 620 So.2d 987 (Fla. 1993), the trial court instructed the jury: "In this case, the plaintiff does allege a permanent injury. Therefore, in order to recover in the case, the plaintiff must prove by the greater weight of the evidence that she has sustained a permanent injury within reasonable medical probability." 584 So.2d at 1013. The trial court in Mansfield rejected a proposed special jury instruction that read as follows: "The words `permanent injury,' as used in the Florida No-Fault Law, include permanent subjective complaints of pain resulting from an initial organic injury." Id. The district court, in affirming the trial court's action, explained why the trial court properly rejected the requested instruction. It stated:
Section 627.737 permits a plaintiff to recover damages for pain, suffering, mental anguish, and inconvenience "only in the event that the injury consists in whole or in part of: ... (2) Permanent injury within a reasonable degree of medical probability." § 627.737(2), Fla. Stat. (1983). The statute does not define permanent injury, but requires that permanent injury be established within reasonable medical probability. Rosa testified that she suffers permanent pain. Although she introduced expert medical testimony that such pain constitutes permanent injury, defendants' medical experts testified that Rosa does not have a permanent injury. Consequently, the jury's obligation was to decide the weight to be given the evidence, a matter within the jury's province. An instruction that permanent injury includes permanent subjective complaints of pain incorrectly informs the jury that under the statute permanent pain is always permanent injury. In effect, such an instruction directs the jury to disregard the testimony of defense medical experts and is tantamount to the court directing a verdict for plaintiffs on the issue of permanent injury. See Gencorp, Inc. v. Wolfe, 481 So.2d 109 (Fla. 1st DCA 1985). The court's instruction *39 tracking the language of the statute was appropriate because it properly informed the jury that its obligation was to determine whether the plaintiff had sustained a permanent injury within a reasonable degree of medical probability, in light of all the testimony.
584 So.2d at 1014. The instruction given in Mansfield is consistent with standard jury instruction 6.1(d) and the comments and notes of use subsequently adopted and approved for use by this Court. See Fla.Std. Jury Instr. (Civ.) 6.1(d) (adopted in Standard Jury Instructions  Civil Cases, 613 So.2d 1316 (Fla. 1993)).
Long submits that the instruction given in this case is distinguishable from the instruction rejected in Mansfield because of the qualifying word "may." In Mansfield, the requested instruction read: "The words `permanent injury' ... include permanent subjective complaints of pain." 584 So.2d at 1012. In the instant case, the special instruction read: "The words `permanent injury' within a reasonable degree of medical probability may include permanent subjective complaints of pain resulting from an initial organic injury." In our opinion these two instructions suffer from the same defect. The instructions address subjective complaints of pain but fail to include, explain, or define other factors that bear on the existence or permanency of Long's alleged injury.
The approved Mansfield instruction, as well as the new standard jury instruction, directs that the plaintiff must prove, by the greater weight of the evidence, that the plaintiff has sustained a permanent injury within reasonable medical probability. The comment to the new standard jury instruction states that the phrase "permanent injury within a reasonable degree of medical probability" should be explained by the testimony of experts and arguments from counsel. We find that the instruction given in this case is not balanced and gives only part of the story because it does not address the other factors that the jury may consider in determining the existence or permanency of the injury. The approved instruction in Mansfield and the new standard jury instruction constitute a properly balanced instruction for this type of issue.
For the reasons expressed, we quash the decision of the district court and remand this case with directions to enter a judgment granting a new trial.
It is so ordered.
GRIMES, C.J., SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.