715 So.2d 358 (1998)
Shunneta TOLIVERT, Appellant,
v.
ESTATE OF John SCHERER, Deceased, et al., Appellees.
No. 97-983.
District Court of Appeal of Florida, Fifth District.
August 14, 1998.
*359 Robert T. Burger of Law Offices of Burger & Paulk, Indian Harbour Beach, for Appellant.
Richard A. Simon of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Appellee Estate of John Scherer.
Sharon Lee Stedman of Sharon Lee Stedman, P.A., Orlando, and Richard C. Singer, Rockledge, for Appellees Catherine Yoder Smith and Lankford C. Smith.
W. SHARP, Judge.
Tolivert appeals from an amended final judgment in her personal injury suit against Scherer (now deceased) and Catherine and Lankford Smith. She had been involved in two automobile accidents in 1993. In the first, she was driving south on U.S. 1 in Brevard County when she saw Scherer attempting to make a U-turn. She swerved to the right to avoid him, and hit a telephone pole. About two months later, Tolivert was rear-ended by a car driven by Catherine Smith, which was owned by Lankford Smith. The jury found negligence on the part of both Scherer and Smith, and awarded medical expenses and lost earnings caused by the accidents. However, the jury found Tolivert has sustained no permanent injury from either accident. We affirm.
On appeal, Tolivert argues that the trial court erred in not giving two instructions requested by her counsel. They were:
Subjective evidence of pain may properly be used to prove the existence and permanency of an injury provided that expert medical testimony is presented to establish its existence and permanency within a reasonable degree of medical probability.
The existence of objective findings is not necessary to establish the existence or permanency of a physical injury.
Tolivert relied on City of Tampa v. Long, 638 So.2d 35 (Fla.1994). The first issue addressed in Long was whether a permanent injury can be established when the only evidence of the injury is based on the subjective complaints of the plaintiff. The court held:
[T]he statute does not limit evidence of permanent injury to objective findings. Unlike an obvious injury a soft tissue injury may lack objective signs of physical injury and the subjective complaint of the patient may be the principal evidence available to prove its existence.
638 So.2d at 37.
Nonetheless the court noted that the no fault statute requires that a permanent injury be established within a reasonable degree of medical probability. By the terms of the statute, a mere recitation by a plaintiff of complaints of pain is insufficient by itself to prove a permanent injury. The plaintiff must present expert medical testimony to establish the permanency of the injury.
The court also disapproved the instruction given in the Long case as not being balanced. That instruction provided that "permanent injury within a reasonable degree of medical probability may include permanent subjective complaints of pain." The court said this was only part of the story, since it did not address other factors the jury may consider in determining the existence vel non of a permanent injury.
The trial court's refusal to give the requested instructions must be judged by us in light of all of the instructions actually given. If the instructions given contain a sufficient statement of the law concerning *360 the points in controversy, then there is no reversible error in failing to give the requested instructions.. See, e.g., A.M. Kidder & Co. v. Turner, 106 So.2d 905 (Fla.1958); Emory v. Florida Freedom Newspapers, 687 So.2d 846 (Fla. 4th DCA 1997).
The trial judge gave the standard jury instruction regarding permanent injury:
However if you find for the plaintiff, Shunneta Lynn Tolivert, you shall next determine the issue of permanency, that is, whether the plaintiff Shunneta Lynn Tolivert sustained an injury as a result of the accident complained of which consists of, in whole or in part, of a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement. Fla.Std.Jury Instr. (Civ) 6. Id.
Tolivert has failed to demonstrate why or how this instruction does not cover the issue of permanent injury, and thus we conclude there was no error.
Tolivert also argues on appeal that she was entitled to a directed verdict on the issue of permanent injury. She points out that her medical experts testified she had suffered a permanent injury from one or both of the accidents, and she contends there was no evidence to the contrary.
We have held that regardless of the absence of testimony by an opposing expert witness, the issue of whether a plaintiff has sustained a permanent injury is generally one for the jury. Laberge v. Vancleave, 534 So.2d 1176 (Fla. 5th DCA 1988), rev. denied 545 So.2d 1369 (Fla.1989). The jury is free to accept or reject the testimony of an expert witness on the issue of permanent injury to a plaintiff. See Rice v. Everett, 630 So.2d 1184 (Fla. 5th DCA 1994); Burton v. Powell, 547 So.2d 330 (Fla. 5th DCA 1989).
This case, however appears to be a classic battle of the experts. Two medical experts for Tolivert testified she sustained a permanent injury. However, Dr. Hoffman testified for the defense that Tolivert had not sustained a permanent injury as a result of either or both of the accidents, and he did not believe that her later-developed condition of schizophrenia was related to the accidents.
He based his testimony on his examination of Tolivert, the fact that her x-rays and MRI were negative, and other doctors' examinations of her several months after the accidents, which showed a normal range of motion and normal reflexes and strengths. He agreed with Tolivert's counsel that if pain alone equated to permanent injury, she had a permanent injury. However, he testified he often treats patients who complain of pain, without assigning them an impairment rating of a permanent injury. He testified he believed there needed to be some evidence beyond complaints of pain to establish a permanent injury. Otherwise, he said, there are no criteria other than subjective complaints. Since she had full functional ability, he could not assign her an impairment rating based merely on her complaints of pain.
Although Toliverts's counsel did an excellent job of getting Dr. Hoffman to agree with his hypothetical questions, still a fair reading of the transcript reveals Dr. Hoffman's expert opinion was that Tolivert did not sustain a permanent injury as a result of the two accidents. Thus, the issue was properly submitted to the jury. But even if our reading of the transcript in this regard is erroneous, the issue was still one for the jury. See Rice; Burton.
AFFIRMED.
COBB and HARRIS, JJ., concur.