475 So.2d 1015 (1985)
Charles McCLELLAN, Appellant,
v.
INDUSTRIAL FIRE & CASUALTY INSURANCE COMPANY, Jerome Abbate and Alan James Beaudoin, Appellees.
No. 84-2541.
District Court of Appeal of Florida, Fourth District.
September 25, 1985.
*1016 Robert C. Rogers of Lawrence J. Bohannon, P.A., Fort Lauderdale, for appellant.
No appearance on behalf of appellees.
BARKETT, Judge.
This appeal emanates from an automobile negligence case wherein the defendants admitted liability and the jury was asked to determine only the issue of damages. The jury found that the plaintiff failed to reach the threshold of permanent injury. The verdict form submitted by defendants and used by the jury provided that the plaintiff accordingly would not be entitled to any damages.
Charles McClellan, plaintiff below, complains that the court erred in submitting this verdict form to the jury. We agree and reverse the lower court's judgment for the defendants.
Upon a finding that there is no permanent injury, a plaintiff is precluded from any recovery only
to the extent that the benefits described in s. 627.736(1) are payable for such injury, or would be payable but for any exclusion authorized by ss. 627.730-627.7405... .
§ 627.737(1), Fla. Stat. (1983). The benefits described in section 627.736(1) are limited to 80% of medical expenses incurred, 60% of lost gross income, and death benefits. § 627.736(1), Fla. Stat. (1983).
McClellan correctly argues that even though he did not suffer a permanent injury, he may still sue the tortfeasor for benefits not payable under section 627.736(1) (i.e., 20% of his medical expenses and 40% of his lost gross income). In fact, the ability to sue for these amounts was one of the bases upon which the supreme court relied in holding Florida's no-fault insurance law constitutional in Chapman v. Dillon, 415 So.2d 12, 18 (Fla. 1982):
Under the new provisions the injured party still recovers most of his out-of-pocket expenses from his own insurer and is allowed to bring suit for the remainder. As the remaining amount subject to suit is drastically reduced from what it would have been if there had not been any no-fault coverage, the incentive to settle is greatly increased. The amount of PIP coverage that is provided is sufficient to prevent a party from being forced into dire financial circumstances and accepting unduly small settlements. [Emphasis supplied.]
In Iowa National Mutual Insurance Company v. Worthy, 447 So.2d 998 (Fla. 5th DCA 1984), the fifth district discussed the pertinent sections of our no-fault insurance law. The court stated:
Section 627.737(1), Florida Statutes, undertakes to exempt a tortfeasor from tort liability for damages because of bodily injury caused by a motor vehicle only "to the extent that benefits described in s. 627.736(1) are payable for such injury, or would be payable but for any [authorized] exclusion... ." Therefore, under the statutes cited and Lasky and Chapman, without meeting the thresholds in section 627.737(2), Florida Statutes, the tortfeasor and his liability carrier, here State Farm, is liable to the injured party for the 20 percent of medical expenses not payable under the PIP coverages provided by section 627.736(1)(a) and the 40 percent of lost gross income and earning capacity not payable under the PIP coverage provided by section 627.736(1)(b), Florida Statutes, and for 100 percent of those damages as exceeds the applicable policy limits. Of course, after meeting the thresholds of section 627.737(2), Florida Statutes, the injured party may also recover in tort from the tortfeasor and his liability carrier for all pain, suffering, mental anguish and inconvenience resulting from bodily injury caused by the negligent operation of a motor vehicle.
Id. at 1001.
Similarly, in Thompson v. Caruso, 458 So.2d 1231 (Fla. 4th DCA 1984), this court, citing Chapman and Worthy, reversed a trial court's judgment for the defendant, and remanded "for a determination of Thompson's out-of-pocket expenses."
*1017 Accordingly, McClellan is entitled to recover the 20% of his medical expenses and 40% of his lost gross income not payable under the PIP coverages, and we remand for a determination of these amounts subject, of course, to any collateral sources of indemnity under section 627.7372, Florida Statutes (1983).
REVERSED AND REMANDED.
HERSEY, C.J., and DELL, J., concur.