485 So.2d 440 (1986)
Karen Lynne CRONIN, William K. Cronin, IV, Gateway Leasing Corp., State Farm Mutual Automobile Insurance Company, Dean Brangers, Louise Jeffers, Tina Bodiford, Audrey Weeks, B.J. Weeks, Michael A. Weeks and Metropolitan Property and Liability Insurance Company, Appellants/Cross-Appellees,
v.
Ricky D. KITLER, Appellee/Cross-Appellant.
Nos. 85-1206, 85-1237.
District Court of Appeal of Florida, Second District.
February 14, 1986.
Rehearing Denied March 27, 1986.
*441 J. Michael McCarthy, Lakeland, for appellants Karen Lynne Cronin, William K. Cronin, IV, Gateway Leasing Corp., Dean Brangers, Louise Jeffers, Tina Bodiford and State Farm Mut. Auto. Ins. Co.
Donna F. Irvin and Robert Santos of Butler, Burnette, Wood & Freemon, Tampa, for appellants Audrey Weeks, B.J. Weeks, Michael A. Weeks, and Metropolitan Property and Liability Ins. Co.
Eugene W. Harris of Smith, Cassidy, Platt & Harris, P.A., Lakeland, for appellee/cross-appellant.
LEHAN, Judge.
Defendants appeal from an order granting a new trial in these automobile accident cases. The order approved a jury finding of no permanent injury to plaintiff and ordered a new trial upon those elements of damages not barred by that finding. We reverse.
The jury verdict form stated that if the jury finds no permanent injury, the verdict must be for defendant. The trial court, apparently referring to section 627.737, Florida Statutes (1983), found that the verdict form was erroneous because, as plaintiff argues on appeal, even though he did not suffer a permanent injury, he may still have sued for damages consisting of benefits not payable by his PIP insurance, i.e., twenty percent of his medical expenses and forty percent of his lost gross income, plus the amounts by which plaintiff's combined medical expenses and lost gross income exceed the PIP policy limits. See McClellan v. Industrial Fire & Casualty Insurance Co., 475 So.2d 1015 (Fla. 4th DCA 1985); Iowa National Mutual Insurance Co. v. Worthy, 447 So.2d 998 (Fla. 5th DCA 1984).
The trial court found that there was fundamental error in the jury's use of that verdict form and that, therefore, the failure of plaintiff's attorney to object to the form did not preclude a new trial. We disagree.
Under these circumstances in reviewing the new trial order we cannot defer to the trial court's discretion as in appellate review of an order which grants a new trial based upon error which was objected to in the trial court. When there is no objection to error in the trial court, the error is reversible under circumstances like this only if it is fundamental error, and whether or not error is fundamental is a question of law.
[I]f the error is complained of as fundamental error, that is a question of law and an appellate court is equally as capable as the trial court of reviewing those errors. Therefore, the weight given the trial court's ruling is not the same as when the ruling is within the broad discretionary power of the trial court.
Wasden v. Seaboard Coast Line Railroad Co., 474 So.2d 825, 830 (Fla. 2d DCA 1984). *442 See also Sears Roebuck & Co. v. Jackson, 433 So.2d 1319 (Fla. 3d DCA 1983).
We conclude that the jury verdict form was not erroneous, and did not constitute fundamental error, because plaintiff did not plead or try a case for damages which resulted from non-permanent injuries and which were based upon benefits therefor not payable by his PIP insurance. The complaint specifically alleged that the injuries were permanent. Plaintiff's counsel participated in the preparation of the verdict form and did not object to the submission of that form to the jury and to similar jury instructions. Indeed, plaintiff's closing argument reiterated the contents of the verdict form. Also, no sufficient evidence was introduced on the basis of which the jury could have accurately determined the amount of those damages consistent with the foregoing principles for which we have cited McClellan and Worthy as authority. Thus, the fact that the verdict form precluded an award of those damages is not determinative because even if it had not, there could not have been such an award.
We recognize the difficulties which apparently beset plaintiff's counsel in this complex case involving time pressures, a holiday interruption in the trial, and the changing law involving permissible recoveries for the types of damages covered by PIP insurance. We can also understand the emphasis of the efforts on behalf of plaintiff to show the existence of permanent injuries so as to establish entitlement to damages for pain and suffering which resulted in the case being tried on that theory, which the jury did not accept. Plaintiff, apparently recognizing that there was substantial conflicting evidence as to whether or not there were permanent injuries, does not appeal from the trial court's conclusion that the jury finding of no permanent injuries, and therefore no damages therefrom, was not against the manifest weight of the evidence. For the reasons stated further above, plaintiff cannot now obtain a new trial for other damages.
We need not address plaintiff's argument on cross-appeal which concerns the nature of damages recoverable at a new trial.
Reversed.
CAMPBELL, A.C.J., and SANDERLIN, J., concur.