617 So.2d 329 (1993)
Louis NUTA and Betty Nuta, d/b/a Nuta's Boat Yard, Appellants,
v.
Sidney J. GENDERS and Lodie Genders, his wife, Appellees.
No. 92-620.
District Court of Appeal of Florida, Third District.
March 30, 1993.
As Corrected May 25, 1993.
*330 George, Hartz, Lundeen, Flagg & Fulmer and Esther E. Galicia, Coral Gables, for appellants.
James C. Blecke and John B. Ostrow, Miami, for appellees.
Before COPE, LEVY and GODERICH, JJ.
PER CURIAM.
The defendants, Louis Nuta and Betty Nuta d/b/a Nuta's Boat Yard, appeal from a final judgment entered in favor of the plaintiffs, Sidney J. Genders and Lodie Genders, and from an order denying the defendants' motion for judgment notwithstanding the verdict or for a new trial. We affirm, in part, and reverse and remand, in part.
While at the defendants' boat yard, Sidney Genders was struck in the head by Daniel Virgil with an iron bar. As a result, Sidney Genders' skull was fractured. The plaintiffs filed an action against the defendants alleging negligence and respondeat superior liability for Virgil's misconduct in assaulting and battering Sidney Genders.
The case proceeded to trial. Sidney Genders testified that Virgil, a security guard at the boat yard, had threatened him two months earlier. Norbert Charles testified he was a customer of Nuta's Boat Yard and hauled his boat there in the spring of 1989. Mr. Nuta told him that if he came on the premises after hours, he had to go through his security guard, Virgil. Sergeant Israel Gonzalez of the City of Miami Police Department testified that on January 25, 1989, he was called to Nuta's Boat Yard to investigate an assault involving Daniel Virgil. While investigating the assault, Mr. Nuta came to the scene and identified Daniel Virgil as a security guard for Nuta's Boat Yard. Louis Nuta denied all responsibility for Virgil. Nuta's book-keeper denied that Virgil was ever employed at the boat yard as a security guard. At the close of all the evidence, the plaintiffs moved to amend their complaint to conform to the evidence concerning the negligent retention of Daniel Virgil. Over the defendants' objections, the trial court granted the plaintiffs' motion to amend. The jury was instructed on all legally recoverable elements of damage and told to "consider the reasonable value or expense of medical treatment necessarily or reasonably obtained by Mr. Genders in the past or to be obtained in the future. You may also consider any loss of ability to earn money in the future."
The jury returned a verdict finding that although Daniel Virgil assaulted and battered Sidney Genders, those acts were not within the course and scope of Virgil's alleged employment with the defendants. The jury also found that the defendants were negligent and awarded the plaintiffs $65,500.00 in damages, including $15,000.00 for future medical expenses. The defendants' post-trial motions were denied and a final judgment was entered in accordance with the jury's verdict. The defendants appealed.
The defendants raise two issues on appeal. The first issue is whether there was sufficient evidence to support the jury's determination that the defendants were liable to the plaintiffs on the theories of negligent *331 hiring and negligent retention. The second issue is whether there was sufficient evidence to support the jury's determination that the plaintiffs were entitled to an award of $15,000.00 for future medical expenses.
Although the evidence may be susceptible to different inferences, a jury verdict is presumed to be regular and is not to be disturbed if supported by the evidence. Sweet Paper Sales Corp. v. Feldman, 603 So.2d 109 (Fla. 3d DCA 1992); Gould v. National Bank of Fla., 421 So.2d 798, 802 (Fla. 3d DCA 1982); see also E.F. Hutton v. Sussman, 504 So.2d 1372 (Fla. 3d DCA 1987) (adding that a jury verdict is presumed to conform with the instructions given by the trial court). If there is any competent evidence to support the verdict, that verdict must be sustained on appeal. Grossman v. Sea Air Towers, Ltd., 513 So.2d 686 (Fla. 3d DCA 1987), review denied, 520 So.2d 584 (Fla. 1988); Landry v. Hornstein, 462 So.2d 844 (Fla. 3d DCA 1985); Jimenez v. Gulf & Western Mfg. Co., 458 So.2d 58 (Fla. 3d DCA 1984); Hirsch v. Mount Sinai Medical Ctr., Inc., 458 So.2d 6 (Fla. 3d DCA 1984); Lee v. Dade County, 342 So.2d 846 (Fla. 3d DCA 1977).
In the instant case, there was sufficient evidence to support the jury's finding that the defendants were liable for the plaintiff's injuries. However, there was no evidence presented as to the amount of future medical expenses or as to the loss of future earning capacity. See DeAlmeida v. Graham, 524 So.2d 666 (Fla. 4th DCA) (There was evidence in the record as to need for future medical treatment, but no evidence as to amount of future medical expense.), review denied sub nom. Reid v. Graham, 519 So.2d 988 (Fla. 1987). None of the doctors testified that Sidney Genders needed future medical treatment. For the foregoing reasons, we reverse the part of the jury verdict and final judgment awarding the plaintiffs $15,000 for future medical expenses and remand with directions for the entry of a judgment consistent with this opinion.