637 So.2d 308 (1994)
Carl LUDWIG, Appellant,
v.
David L. LADNER and Betty Ladner, his wife, Appellees.
No. 93-03062.
District Court of Appeal of Florida, Second District.
May 20, 1994.
*309 H. Shelton Philips of Kaleel & Kaleel, P.A., St. Petersburg, for appellant.
Louis W. High of High, Underwood & Eppley, P.A., Brooksville, for appellees.
ALTENBERND, Judge.
The defendant, Carl Ludwig, appeals the final judgment in favor of the plaintiff, David L. Ladner, maintaining that the jury's verdict is excessive and contrary to the manifest weight of the evidence. We conclude that the trial court abused its discretion in failing to grant a new trial concerning the no-fault threshold and damages. Accordingly, we reverse and remand for a new trial on those issues.
Mr. Ladner was injured in an automobile accident on October 19, 1987. He sued Mr. Ludwig, the driver of the other car. Mrs. Ladner sought damages for loss of consortium. On appeal, it is undisputed that Mr. Ludwig's negligence was the sole cause of the accident.
The parties vigorously tried the issue of the no-fault threshold. See § 627.737, Fla. Stat. (1987). Mr. Ladner's treating neurologist opined that his patient suffered a permanent back injury. Two doctors who performed medical examinations for the defense testified that Mr. Ladner had sustained no permanent injury.
Mr. Ladner presented very limited testimony and documentary evidence concerning his damages. At the time of trial, he was 58 years old and had a remaining life expectancy of approximately twenty years. He testified that he had incurred approximately $25,000 in medical bills as a result of the accident. His insurance company, however, had paid all but $620 of those bills. His doctor testified that Mr. Ladner's condition was permanent, but he did not predict any future surgery. Instead, the doctor testified that Mr. Ladner would require monitoring of occasional flare-ups at a cost of $55 to $85 per visit.
At the time of the accident, Mr. Ladner had recently moved to Florida from Louisiana. About two weeks before the accident, he had opened a silk screen print shop and had earned $900. He claimed that the accident caused him to close the business. He testified that he had been self-employed for many years, but provided no documentary proof of any past earnings. He theorized that his print shop would have generated annual income in the "high six figures" if the accident had not intervened. He provided no business plan or reasoned explanation for this estimate. During closing argument, Mr. Ladner's attorney conceded that the jury should award past medical expense of only $620, and that, "unfortunately," the only quantifiable evidence of past lost earnings was limited to the $900 earned in the first two weeks of the business.
The jury instructions and the verdict form in this case were based on the recent revisions to the standard instructions. In re Standard Jury Instructions  Civil Cases, 613 So.2d 1316 (Fla. 1993). The jury was instructed that it could award past and future medical expenses as well as past and future lost wages, even if Mr. Ladner did not pass the no-fault threshold.
The jury returned a verdict finding that Mr. Ladner had not passed the threshold. It awarded him $20,000 in past medical expense and $225,000 in past lost earnings. It awarded $24,000 in future medical expense and $70,000 in lost future earning ability. The jury determined that the future damages would provide compensation over a period of twenty years, but made no reduction of those damages to present value. While the jury found that Mr. Ladner sustained no permanent injury, it nevertheless decided that the injuries he had sustained would cause him to incur losses for the rest of his life. Because it had determined that Mr. Ladner had not passed the threshold, the jury did not award him damages for pain and suffering and did not award damages to Mrs. Ladner. Mr. Ludwig filed a motion for new trial. The trial court denied that motion and entered judgment on the verdict in the amount of $339,000.
We have considered whether the finding on the no-fault threshold and the determination of the period for future damages were sufficiently inconsistent to require an objection by the defendant prior to the discharge of the jury. In many respects, this case is similar to Cowen v. Thornton, 621 So.2d 684 (Fla. 2d DCA 1993), review denied, *310 634 So.2d 629 (Fla. 1994), except that the verdict in Cowen was inconsistent and inadequate, whereas this verdict is arguably inconsistent and excessive. As in Cowen, we hold that the combination of problems with this verdict can be reviewed posttrial without an objection to the form of the verdict.
The record in this case suggests that the parties may have misunderstood the reason for the new standard jury instruction. The committee's notes on use concerning the recent amendments to the no-fault jury instructions indicate that an instruction on future damages may be needed when there is evidence that a plaintiff may incur future economic losses even if the injury is not sufficient to pass the no-fault threshold. Normally, such an instruction will be needed only when a jury could reasonably determine that a plaintiff has not reached "maximum medical improvement and will have a limited period of future lost income or medical expenses." Fla.Std.Jury Instr. (Civ.) 6.1 notes on use at 6. The committee's notes on use are supported by precedent.[1]
This theory of limited recovery, although correctly explained in the case law and standard jury instructions, may not always align with the reality of trial advocacy. It is rare for a plaintiff's attorney to suggest to a jury that his or her client is likely to reach maximum medical improvement in a few months and that the jury should award only limited damages. Instead, the plaintiff's attorney will typically argue that the plaintiff has passed the threshold and is entitled to all appropriate damages recoverable for the rest of the plaintiff's life. Likewise, a defense attorney normally argues that the plaintiff has already recovered and that it is obvious no future damages are appropriate. It would be the unusual case in which a defense attorney chose to argue that the plaintiff would reach maximum medical improvement six months after the trial and that the jury should award future economic losses for that six-month period.
In this case, for example, his treating physician testified that Mr. Ladner had a permanent condition that would require some limited, non-operative treatment for the rest of his life. The physicians who testified for the defense never suggested that Mr. Ladner had not already reached maximum medical improvement. For the jury to decide that Mr. Ladner would have a limited period of future economic losses, it would have needed to reach a result not directly supported by any of the experts.[2]
This tension between legal theory and typical trial strategy suggests that the jury instructions explaining the future damages awardable in the absence of a finding of permanent injury should be prepared with care. The committee did not propose standard language to describe these damages. It would seem appropriate for the instructions to explain to a jury that such future damages should be awarded for only the limited period between the time of trial and the time when the plaintiff is expected to reach maximum medical improvement. When the parties actually intend to give the jury the option of finding a limited future period of recovery from a non-permanent injury, it may be useful to provide additional questions on the interrogatory verdict form to establish the expected period of recovery.
In this case, it is obvious that the jury awarded past medical expenses exceeding the damages established by the evidence. The past lost earnings are, at best, contrary to the manifest weight of the evidence. The future damages are excessive if the jury in fact determined that Mr. Ladner sustained no permanent injury. In light of the jury's *311 finding that Mr. Ladner's future damages would be incurred over a recovery period equal to his expected life-span, we are unwilling to assume that the jury understood and followed the law in deciding whether his injury is permanent. Accordingly, we order a new trial on both the no-fault threshold and damages.
Mrs. Ladner's claim presents an interesting problem. She did not request a new trial. She has not filed a cross-appeal in this case, nor has she requested any remedy from this court. The jury awarded her no damages but provided her husband with a very generous award. By reversing the judgment on appeal, we have reopened the issue of the no-fault threshold that caused her to receive no award from this jury. From the record, it does not appear that the trial court has ever entered a judgment in favor of Mr. Ludwig on Mrs. Ladner's claim. Accordingly, we do not have a judgment on appeal that would permit us to give Mrs. Ladner any relief. Whether the trial court can now decline to enter a judgment against Mrs. Ladner on her derivative claim or grant relief from judgment because of this reversal are not matters raised by the parties, and we do not address them.
Reversed and remanded.
FRANK, C.J., and PATTERSON, J., concur.
NOTES
[1] See Tompkins v. Auto-Owners Ins. Co., 627 So.2d 1236 (Fla. 2d DCA 1993), review granted, 637 So.2d 233 (Fla. 1994); Ketchen v. Dunn, 619 So.2d 1010 (Fla. 2d DCA 1993); Smey v. Williams, 608 So.2d 886 (Fla. 5th DCA 1992); Cronin v. Kitler, 485 So.2d 440 (Fla. 2d DCA), review denied, 492 So.2d 1333 (Fla. 1986); McClellan v. Industrial Fire & Casualty Ins. Co., 475 So.2d 1015 (Fla. 4th DCA 1985); Bennett v. Florida Farm Bureau Casualty Ins. Co., 477 So.2d 608 (Fla. 5th DCA 1985). See contra Fazzolari v. City of West Palm Beach, 608 So.2d 927 (Fla. 4th DCA 1992), review denied, 620 So.2d 760 (Fla. 1993); Josephson v. Bowers, 595 So.2d 1045 (Fla. 4th DCA 1992).
[2] Because juries are not bound by expert opinions, it is possible that an occasional jury could logically make such a decision. See Shaw v. Puleo, 159 So.2d 641 (Fla. 1964); Burton v. Powell, 547 So.2d 330 (Fla. 5th DCA 1989); Slacter v. City of St. Petersburg, 449 So.2d 1006 (Fla. 2d DCA), review denied, 458 So.2d 271 (Fla. 1984).