666 So.2d 552 (1995)
METROLIMO, INC., Comprehensive Paratransit Services, and Red Top Transportation, Inc., Appellants,
v.
Betty LAMM, Appellee.
No. 94-534.
District Court of Appeal of Florida, Third District.
June 7, 1995.
Rehearing Denied February 7, 1996.
Roland Gomez, Doreen E. Lasch, Robert G. Corirossi, for appellants.
Joe N. Unger, Ronald Lawrence Carpel, for appellee.
Before NESBITT, COPE and GERSTEN, JJ.
COPE, Judge.
Metrolimo, Inc., Comprehensive Paratransit Services, and Red Top Transportation, Inc., appeal an adverse final judgment on jury verdict. We affirm.
Appellants Metrolimo, Inc. and Red Top Transportation, Inc., formed a joint venture called Comprehensive Paratransit Services. Comprehensive entered into a contract with Dade County to provide special transportation services for disabled riders. Comprehensive was paid by Dade County for the disabled riders it carried.
Plaintiff-appellee Betty Lamm was a Comprehensive passenger under the special transportation service agreement. The van in which she was traveling was in an automobile accident and she was injured. Plaintiff brought suit against, inter alia, Comprehensive, Metrolimo, and Red Top. The jury returned a verdict in favor of plaintiff, and this appeal followed.
Comprehensive, Metrolimo, and Red Top first contend that they are not vicariously liable for the negligence of the van driver. They argue that the van in which the plaintiff was traveling was owned and operated by an independent contractor. They contend that they are not responsible for the acts of an *553 independent contractor and should be exonerated from all liability. We disagree.
In this case Red Top and Metrolimo formed a joint venture to provide special transportation services. Comprehensive did not itself have employees, but instead the activities of the joint venture were to be carried out by the joint venture partners, Red Top and Metrolimo. The joint venture was free to hire independent contractors if it wished, but the carrying out of the contract with Dade County was the responsibility of the joint venture and the joint venture partners. The joint venture and joint venture partners could not, by subcontracting, exonerate themselves from liability. See Fisherman's Paradise, Inc. v. Greenfield, 417 So.2d 306, 307-08 (Fla. 3d DCA 1982); Campbell v. Bellman, 293 So.2d 795, 796 (Fla. 3d DCA 1974); cf. Hamid v. Metro Limo, Inc., 619 So.2d 321 (Fla. 3d DCA 1993) (liability of licensee or franchisee). The joint venture and joint venture partners are liable for the negligent acts of the driver.
Metrolimo next argues that there was an error in the jury instructions in this case. Over defendant's objection, the jury was instructed that even if the plaintiff had no permanent injury, the jury could nonetheless award damages for future medical expenses and nursing care. The jury returned a verdict finding no permanent injury. However, the jury awarded $150,000 for future medical expenses and nursing care.
Metrolimo contends in this court, as it did below, that the trial court erred by instructing the jury that there could be a recovery for future medical expenses and nursing care without a finding of permanent injury. During the pendency of this appeal, the Florida Supreme Court announced Auto-Owners Insurance Co. v. Tompkins, 651 So.2d 89 (Fla. 1995). The court there held that a permanent injury is not a pre-requisite to recovering future economic damages. Id. at 91. "[T]he appropriate test is to permit the recovery of future economic damages when such damages are established with reasonable certainty." Id. That being so, the trial court was correct in overruling Metrolimo's objection.
Metrolimo next argues that, assuming that an award of damages for future medical expenses and nursing was permissible, the evidence was insufficient. We disagree. Evidence was presented regarding the cost of nursing care which the plaintiff currently receives. Evidence was also presented regarding the present day cost of other care alternatives, such as an adult congregate living facility. The amount awarded by the jury is within the range testified to by the plaintiff's witnesses. Metrolimo contends that the evidence was insufficient under this court's decision in Nuta v. Genders, 617 So.2d 329 (Fla. 3d DCA 1993). That case found that there was insufficient evidence to support the jury's verdict on the question of, inter alia, future medical expenses. However, in that case, "[n]one of the doctors testified that [plaintiff] needed future medical treatment." Id. at 331. Without an indication of what further medical treatment the plaintiff would need, the jury did not have a basis to make an award. Here, by contrast, the witnesses testified as to the current rates being paid for nursing care. There was medical and lay testimony as to the future need for such care. We conclude that there was an adequate evidentiary basis for future damages as required by Auto-Owners.[1]
Metrolimo next asserts that the trial court erred by excluding from evidence a nurse's note which was in the medical records maintained by the plaintiff's treating physician. We are inclined to agree that this evidentiary ruling was erroneous, but conclude that any error was harmless in view of the other evidence in the case.
*554 Metrolimo next argues that the trial court erroneously excluded from evidence two photographs depicting the yield sign at the intersection where the accident occurred. Assuming arguendo that there was any error, we conclude that it too was harmless.[2]
As to Metrolimo's final point on appeal, we find no abuse of discretion in the trial court's ruling.
Affirmed.
NOTES
[1] In additional memoranda ordered by this court after the Auto-Owners decision was announced, Metro Limo has argued that the award in this case covers all, or substantially all, of the remainder of the plaintiff's life expectancy, and is therefore excessive. See Ludwig v. Ladner, 637 So.2d 308, 310-11 (Fla. 2d DCA 1994). As we view the record, that is not an argument which was made in the trial court. The argument made to the trial court was that absent a finding of permanent injury, no future economic damages could be awarded at all. Accordingly, we do not reach the argument made under Ludwig, and need not consider the extent to which Ludwig remains viable after the decision in Auto-Owners.
[2] This particular point on appeal is pertinent only to the question whether Metropolitan Dade County, another defendant below, was properly exonerated from liability for the alleged failure to maintain the yield sign in proper condition at the intersection where the accident occurred. The jury found zero comparative negligence on the part of Dade County, and 100 percent comparative negligence on the part of the joint venture's driver.

Metro Limo's appellate brief does not list Dade County as an appellee. Although Metro Limo served the initial brief on Dade County, there is nothing on the face of the brief that would alert Dade County that Metro Limo was seeking any relief as to the County.
When this issue was discussed at oral argument, Metro Limo requested leave to file an amended brief as to Dade County. We do not reach that issue because we conclude that based on the other evidence in the case, any evidentiary error regarding the photographs was harmless.