IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SAFECO INSURANCE COMPANY OF
ILLINOIS,

      Appellant,

 v.

Case No.  5D12-428

ADRIAN FRIDMAN,

      Appellee.

_____/

Opinion filed August 12, 2016

Appeal from the Circuit Court
for Orange County,
Stan Strickland, Judge.

Anthony J. Russo, of Butler Pappas
Weihmuller Katz Craig LLP, and Robert E.
Vaughn, Jr., of Law Office of Glenn G.
Gomer, Tampa, for Appellant.

Jeffrey M. Byrd, of Jeffrey M. Byrd, P.A.,
Orlando, and Michael S. Rywant, and Kerry
C. McGuinn, Jr., of Rywant, Alvarez, Jones,
Russo & Guyton, P.A., Tampa, for
Appellee.

ON REMAND FROM THE FLORIDA SUPREME COURT

EVANDER, J.

In *Fridman v. Safeco Insurance Co. of Illinois*, 185 So. 3d 1214, 1230 (Fla. 2016),

the Florida Supreme Court determined that "an insured is entitled to a jury determination

of liability and the full extent of his or her damages, which may be in excess of the policy limits, in the underlying [uninsured/underinsured motorist] case, prior to litigating a first-party bad faith cause of action." In doing so, the court quashed our prior opinion[1] and remanded for this court to consider two issues raised by Safeco that were not previously addressed: (1) whether the trial court erred in denying Safeco's motion for mistrial and a new trial based on allegedly improper arguments made by Fridman's trial counsel; and (2) whether the trial court erred in denying Safeco's motion for remittitur. 185 So. 3d at 1230 n.7. We find no merit to Safeco's first argument, but agree with Safeco that the trial court abused its discretion in denying Safeco's motion for remittitur.

In January 2007, Adrian Fridman suffered injuries as a result of an automobile collision with an uninsured motorist. At the time of the incident, Fridman was forty-one years old and unemployed. Prior to the incident, he had been an electronics salesman for several years, earning $800 to $1000 per week. Between 2004 and 2006, Fridman had also operated a *retail* marble and tile store. At trial, he could not recall the exact earnings from the business, explaining: "[I]t was a growing business. I don't remember making a pay check even."

Shortly after the January 2007 collision, Fridman found a new location to open a *wholesale* marble and tile business. The business stayed opened for approximately twenty days, during which time Fridman lost money. He testified that he closed the business because he couldn't lift the marble as a result of the injuries he suffered in the automobile collision. Fridman then went to work in an electronics store earning a commission of $400 to $600 per week, and later at The Photoshop earning $500 to $600

---

[1] *Safeco Ins. Co. of Ill. v. Fridman*, 117 So. 3d 16 (Fla. 5th DCA 2013).

per week. Subsequently, Fridman obtained employment at Cash for Gold, earning approximately $1200 per week. In May 2010, Fridman had surgery for injuries related to the automobile collision and was unable to work for approximately two weeks. Fridman then returned to his job at Cash for Gold where he was employed at the time of trial in December 2011.

At trial, Fridman presented expert testimony that he would likely need fusion spine surgery, causing him to be unable to work for three to four months immediately thereafter. In further support of his lost future earning capacity claim, Fridman testified that he believed "in a good year," he could have made $100,000 to $200,000 in the wholesale marble and tile business. The basis for that belief was: "[Y]ou're buying tiles for 25 cents per square foot and you're selling it for $2.00 per square foot." No other evidence was presented to support Fridman's claim that he could have made $100,000 to $200,000 per year in the wholesale marble and tile business.

The jury returned a verdict in favor of Fridman in the amount of $1,000,000. That amount included $45,000 for lost past earnings and $225,000 for lost future earning capacity. Thereafter, Safeco unsuccessfully moved for a remittitur arguing, *inter alia*, that the jury's awards for past lost earnings and lost future earning capacity were not supported by the evidence.

Section 768.74(1), Florida Statutes (2011), provides that in any action for damages, whether in tort or in contract, where a verdict is rendered that awards damages to a plaintiff, the court has a responsibility, upon proper motion, "to review the amount of such award to determine if such amount is excessive or inadequate in light of the facts

3

and circumstances which were presented to the trier of fact."[2]  Where the amount awarded is excessive, a trial court is required to order a remittitur. § 768.74(2), Fla. Stat. (2011). If the party adversely affected by the remittitur does not agree, a new trial shall be ordered on the issue of damages only. § 768.74(4), Fla. Stat. (2011).

Where, as in the instant case, a plaintiff is earning more after the injury than he did prior to the injury, he is not precluded from recovering damages for loss of income or loss of future earning capacity, but it is more difficult for him to show that he has suffered an economic loss. *Truelove v. Blount*, 954 So. 2d 1284, 1288 (Fla. 2d DCA 2007). Safeco properly concedes that the evidence would support an award of past lost income for the

---

[2] Section 768.74(5), Florida Statutes (2011), provides:

> (5) In determining whether an award is excessive or inadequate in light of the facts and circumstances presented to the trier of fact and in determining the amount, if any, that such award exceeds a reasonable range of damages or is inadequate, the court shall consider the following criteria:
>
> (a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact;
>
> (b) Whether it appears that the trier of fact ignored the evidence in reaching a verdict or misconceived the merits of the case relating to the amounts of damages recoverable;
>
> (c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation and conjecture;
>
> (d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered; and
>
> (e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.

4

time Fridman was out of work following his first surgery, as well as an award of lost future earning capacity for the time Fridman would be expected to miss work after the anticipated second surgery. However, Safeco argues that the jury's awards for lost past earnings and lost future earning capacity were primarily based on Fridman's speculation about his potential earnings if he had been able to continue to operate his new wholesale marble and tile business. We agree.

Although Fridman presented evidence that he was unable to continue with his wholesale marble and tile business because of the injuries he suffered in the automobile collision, he failed to present any evidence of the amount of earnings that could reasonably be expected from such a business, other than his unsubstantiated speculation that he could make a $100,000 to $200,000 in "a good year." This type of speculative testimony is insufficient to support an award of damages. *See, e.g., Gonzalez v. Price*, 783 So. 2d 301 (Fla. 5th DCA 2001) (finding the speculative testimony of professional singer and dancer injured in automobile accident that she could earn at least twice as much money on Broadway as she was making at her job at the time of trial was insufficient to support damages award for lost earning ability); *Ludwig v. Ladner*, 637 So. 2d 308 (Fla. 2d DCA 1994) (finding evidence that plaintiff opened silk screen print shop two weeks before accident and earned $900 but had to close business did not support jury's award of $225,000 in past lost earnings; plaintiff testified that he had been self-employed for many years, but provided no documentary proof of past earnings, plaintiff had estimated that print shop would have generated annual income in the "high six figures" if accident had not intervened but provided no business plan or reasonable explanation for estimate).

In sum, Fridman presented sufficient evidence that his injuries were caused by the automobile collision, but presented insufficient evidence to support an award of $45,000 for lost past earnings and $225,000 for lost future earning capacity. Accordingly, we conclude that the trial court abused its discretion in denying Safeco's motion for remittitur.

AFFIRMED, in part; REVERSED, in part; and REMANDED.

SAWAYA and PALMER, JJ., concur.