834 So.2d 329 (2003)
John William WRIGHT, Appellant,
v.
RING POWER CORPORATION, d/b/a, Diesel Construction Company and Frank Datson, Appellee.
No. 5D02-58.
District Court of Appeal of Florida, Fifth District.
January 3, 2003.
Paul Bruce Brockway and William P. Galione of Steven A. Bagen & Associates, P.A., Gainesville, for Appellant.
*330 Thomas R. Ray of Holbrook, Akel, Cold, Stiefel & Ray, P.A., Jacksonville, for Appellee.
PALMER, J.
John William Wright appeals the final judgment entered by the trial court in accordance with a jury verdict finding no negligence on the part of appellee, Ring Power Corporation, in this automobile collision case. Concluding that the trial court erred in failing to grant Wright's motion for directed verdict on the issue of negligence, we reverse.
This case involved a rear-end automobile collision between Wright and Frank Datson, who was driving a truck owned by Ring Power Corporation. The trial evidence demonstrated that the incident began after Wright stopped at an intersection regulated by a stop sign. Once stopped, Wright had to wait until traffic cleared on both sides of the highway before he could make a left hand turn. He initially pulled into the road but stopped suddenly. At that time, Datson's vehicle struck the rear of Wright's vehicle. Datson testified that while Wright was stopped at the stop sign his brake lights were on but that the brake lights went off when the car moved forward. He testified that before he moved past the stop sign he looked to the south and then took a glance to the north. Datson further testified that at the time of the accident he was not looking at Wright's car but was looking towards the north.
At the conclusion of his case, Wright moved for a directed verdict on the issues of liability, causation, and permanent injury. The trial court deferred ruling until the conclusion of Datson's case. Wright renewed his motion for directed verdict at the close of Datson's case, at which time the motion was denied. Thereafter, the jury returned a special verdict finding that there was no negligence on the part of the Datson. This appeal timely followed.
Wright first argues that the trial court erred in denying his motion for a directed verdict on the issue of negligence because Datson failed to overcome the rebuttable presumption of negligence which attaches to the driver of the rear vehicle in a rear-end collision. We agree.
A motion for directed verdict should be granted where there is no reasonable evidence upon which a jury could legally predicate a verdict in favor of the non-moving party. Ameriseal of N.E. Fla. Inc. v. Leiffer, 738 So.2d 993 (Fla. 5th DCA 1999). The standard of review on appeal of the trial court's ruling on defendant's motion for directed verdict is the same as the test used by the trial court in ruling on that motion. Cecile Resort, Ltd. v. Hokanson, 729 So.2d 446 (Fla. 5th DCA 1999).
In Florida, a presumption of negligence attaches to the driver of the rear vehicle in a rear-end collision. Sistrunk v. Douglas, 468 So.2d 1059 (Fla. 1st DCA 1985). The rear driver can rebut this presumption by presenting evidence that "fairly and reasonably tends to show" that the presumption of negligence is misplaced. Gulle v. Boggs, 174 So.2d 26 (Fla. 1965). Our supreme court has clarified the presumption of negligence in rear-end collisions in two recent cases: Clampitt v. D.J. Spencer Sales, 786 So.2d 570 (Fla. 2001), and Eppler v. Tarmac America, Inc., 752 So.2d 592 (Fla.2000).
In Clampitt, the owner of the first vehicle signaled a left turn prior to entering a driveway. His vehicle had turned almost completely off the highway when it was struck from behind by Clampitt. Clampitt's vehicle came to a dead stop and the driver of a third vehicle struck Clampitt's vehicle. Clampitt sued the driver of the third vehicle in negligence, and the trial *331 court granted summary judgment on the issue of fault in favor of Clampitt. The district court reversed that order, stating that evidence in favor of the driver of the third vehicle was sufficient to rebut the presumption. However, the supreme court reversed, holding that evidence of a sudden stop, without more, is insufficient to overcome the presumption of negligence. Clampitt, 786 So.2d at 575. The court noted that a sudden stop could have reasonably been expected as the roadway was bordered by a school and multiple business and residential establishment. Id. at 576.
In Eppler, Eppler was stopped in a line of traffic at a red light. The light turned green and all of the vehicles began moving forward in bumper-to-bumper traffic. Eppler "suddenlywithout warning and for no reasonslammed on her brakes." The defendant struck Eppler from behind. Our supreme court held that the presumption of negligence was overcome under those circumstances because Eppler abruptly and arbitrarily stopped in a place not reasonably expected. Eppler, 752 So.2d at 595.
As explained in Hunter v. Ward, 812 So.2d 601 (Fla. 1st DCA 2002), the controlling rule appears to be that when the vehicle suddenly stops in a roadway, but the stop happens at a place and time where it could reasonably be expected, as in Clampitt, then the presumption of negligence is not rebutted, and the plaintiff is entitled to receive a directed verdict. However, if the stop is not expected, i.e., "abrupt and arbitrary," and in a place not reasonably expected, as in Eppler, then the presumption is rebutted and the plaintiff is not entitled to receive a directed verdict.
This case involved a "sudden stop" without more, as in the Clampitt case, since it was reasonable for Datson to expect Wright's car to stop suddenly when attempting to turn left onto the highway where there was no traffic signal requiring the highway traffic to stop. As such, a directed verdict for Wright should have been entered on the issue of negligence. See Burton v. Powell, 547 So.2d 330 (Fla. 5th DCA 1989)(holding that evidence demonstrates that the driver of a truck which struck automobile from behind when both vehicles were attempting to enter lanes of heavy traffic failed to rebut presumption that driver's negligence was sole proximate cause of collision; the automobile's alleged start and stop occurred at a time and place where it was reasonably expected). Accordingly, the trial court's ruling denying Wright's motion for a directed verdict on negligence is reversed, and this matter is remanded for entry of judgment in favor of Wright and for a new trial on the issue of damages.
Wright also contends that the trial court erred in denying his motion for directed verdict on the issue of permanent injury. We disagree.
Wright presented expert testimony that he had suffered a permanent injury. However, in rebuttal, Datson presented evidence of Wright's pre-existing neck condition, evidence that Wright may not have completely disclosed prior neck problems to his treating physician, and a surveillance tape revealing Wright moving his neck. This evidence was sufficient to survive Wright's motion for directed verdict on permanency. Regardless of the absence of testimony by an opposing expert witness, the issue of whether a plaintiff has sustained a permanent injury is generally one for the jury. Tolivert v. Scherer, 715 So.2d 358 (Fla. 5th DCA 1998); Laberge v. Vancleave, 534 So.2d 1176 (Fla. 5th DCA 1988), rev. denied 545 So.2d 1369 (Fla.1989). The jury is free to *332 accept or reject the testimony of an expert witness on the issue of permanent injury to a plaintiff. Rice v. Everett, 630 So.2d 1184 (Fla. 5th DCA 1994); Burton v. Powell, 547 So.2d 330 (Fla. 5th DCA 1989).
Since the jury did not reach the issue of permanency, in light of its finding of no liability, that issue must be decided in the new trial.
REVERSED and REMANDED for a new trial on damages.
THOMPSON, C.J., and PETERSON, J., concur.