858 So.2d 1192 (2003)
Lois TENNY, Appellant,
v.
Richard ALLEN, etc., Appellee.
No. 5D03-93.
District Court of Appeal of Florida, Fifth District.
November 7, 2003.
*1193 Christopher C. Coleman and Bradley R. Killinger, of Cameron, Hodges, Coleman, LaPointe & Wright, P.A., Ocala, for Appellant.
Charles D. Tucker of Charles D. Tucker, P.A., Ocala, for Appellee.
SHARP, W., J.
Lois Tenny, the defendant in this personal injury action, appeals from the trial court's order which set aside the part of the jury verdict which found the plaintiff, Sandra Allen, had not sustained a permanent neck injury. The order also directed a verdict in favor of Allen on the issue of her permanent neck injury, and granted *1194 her a new trial solely on the issue of damages. We conclude the evidence presented at trial was sufficient to support the jury's determination that Allen suffered no permanent injury caused by the defendant's negligence. Accordingly, we reverse and remand with directions to reinstate the jury verdict.
In November of 1999, a van driven by Allen's husband collided with a vehicle driven by Tenny. Tenny admitted liability for having caused the accident. Allen was a passenger in the backseat of the van. About an hour or so after the accident, Allen went to the hospital, complaining of neck, back and wrist pain.
The emergency room physician who examined Allen described her condition as follows:
NECK/EXTREMITIES/BACK: Supple with no palpable fracture or deformity. No significant tenderness. She has full range of motion of her neck and shoulders. She can bend forward and nearly touch her toes and bend backwards without significant pain. He (sic) can do lateral bending without significant pain. She is able to walk, sit, and stand. Examination of the back does not reveal any significant tenderness. Straight leg raising is negative.
Allen was later seen by Dr. Hunter, who specializes in physical medicine and rehabilitation. Dr. Hunter concluded she had suffered a permanent neck and back injury as a result of the accident.
In June 2001, Allen filed this personal injury action against Tenny. Tenny stipulated to having caused the accident but disputed the permanency of Allen's injuries and damages.
On August 2, 2001, Allen's counsel took her deposition. Two weeks later, she died from lung cancer, a cause not related to the automobile accident. Her husband, Richard Allen, as personal representative, continued the lawsuit.
No live witnesses testified at the trial. The parties presented the following evidence: the depositions of Allen and Dr. Hunter; Allen's medical records; photographs of the Allen vehicle; an estimate to repair that vehicle for $507.68; a stipulation that Allen's unreimbursed medical expenses totaled $1,661.64; and Tenny's answer to an interrogatory stating repairs to her vehicle were estimated at $9,000.
In his deposition, Dr. Hunter stated he first saw Allen several weeks after the automobile accident. At this time she was complaining of headache and pain in her neck, left elbow, wrist and lower back. Her neck muscles were tight and she had decreased motion of neck movements.
On her next visit to Dr. Hunter, Allen had improved range of motion of her neck and back but continued to have neck tenderness with rigidity or muscle spasms. At her January 2000 visit, Allen brought x-rays with her which showed degenerative changes of her cervical spine.
At her February 2000 visit, Allen was still having problems with her neck and back. She also reported a new symptom when she tipped her neck and head backwards, she had a sharp, electrical feeling. These new complaints prompted Dr. Hunter to recommend an MRI for her neck and lower back and also a nerve test. The MRI showed Allen had two herniated discs in her neck. The nerve test showed no evidence of nerve-root damage to her neck.
At her next few visits, Allen was still having problems with her neck and back. At a visit in January 2001, Allen disclosed she had been diagnosed with lung cancer and had chemotherapy and radiation. At her April 2001 visit, Dr. Hunter concluded Allen had a permanent injury to her neck *1195 and back related to the November 1999 accident.
At the close of all the evidence, Allen's personal representative moved for a directed verdict on the permanent nature of her neck and back injuries, arguing the jury had no basis to reject Dr. Hunter's opinion that the injuries were permanent. Counsel for Allen ultimately conceded there was evidence the medical history Allen had given Dr. Hunter regarding her prior back pain may have been inaccurate, thus creating a jury issue on the permanency of her back injury. However, counsel maintained there was no such inaccuracy regarding the history of neck pain. Thus, counsel for Allen argued she was entitled to a directed verdict on permanent injury to her neck. The court concluded the jury should decide the issue and denied the motion for directed verdict.
The jury found Allen did not sustain a permanent injury as the result of the accident and awarded no damages for past medical expenses. Since a verdict had been directed on the issue of negligence (pursuant to Tenny's concession), the court instructed the jury its verdict was inconsistent and some damages must be awarded. The jury then awarded $507.68.
Post trial, Allen's personal representative moved the court to reconsider the motion for directed verdict and to set aside the verdict and order a new trial. The court reconsidered the evidence and determined it was insufficient to have established a jury question with regard to the permanency of Allen's neck injury. Therefore, as to the neck injury only, the court set aside the jury's verdict, granted a directed verdict as to permanency and ordered a new trial on damages.
Had the trial judge not directed a verdict in favor of Allen's personal representative but merely granted a new trial on the issue of permanency and damages, we may have been constrained to uphold that ruling based on the applicable standard of review. A motion for new trial should not be granted unless no reasonable jury could have reached the verdict rendered. Wilson v. The Krystal Co., 844 So.2d 827 (Fla. 5th DCA 2003). When reviewing an order granting a new trial, an appellate court must recognize the broad discretionary authority of the trial judge and apply the reasonableness test to determine whether the trial judge committed an abuse of discretion. If an appellate court determines that reasonable persons could differ as to the propriety of the action taken by the trial court, there can be no finding of an abuse of discretion. Jordan v. Brown, 855 So.2d 231 (Fla. 1st DCA 2003); Clough v. Christopher, 711 So.2d 610 (Fla. 5th DCA 1998).
In contrast, the standard of review on appeal of the trial court's ruling on a motion for directed verdict is the same as the test used by the trial court in ruling on that motion. Marriott International, Inc. v. Perez-Melendez, 855 So.2d 624 (Fla. 5th DCA 2003); Wright v. Ring Power Corp., 834 So.2d 329 (Fla. 5th DCA 2003); Goolsby v. Qazi, 847 So.2d 1001 (Fla. 5th DCA 2003). A motion for directed verdict should be granted only where no view of the evidence, or inferences made therefrom, could support a verdict for the non-moving party. Id. In considering a motion for directed verdict, the court is required to evaluate the testimony in the light most favorable to the non-moving party and every reasonable inference deduced from the evidence must be indulged in the non-moving party's favor. Marriott International; Goolsby; Reams v. Vaughn, 435 So.2d 879 (Fla. 5th DCA 1983). If, in applying this test, no view of the evidence could sustain a verdict for the party moved against, then the directed verdict was properly entered. Reams. *1196 However, if there are conflicts in the evidence or different reasonable inferences may be drawn from it, then the issue is a factual one that should be submitted to the jury and not be decided by the trial court as a matter of law. Marriott International.
This court has repeatedly held that a defendant in a personal injury action is not required to present expert testimony to contradict the plaintiff's expert testimony concerning permanent injuries. McCown v. Estate of Seidell, 831 So.2d 218 (Fla. 5th DCA 2002); Rogers v. Morini, 714 So.2d 674 (Fla. 5th DCA 1998). Regardless of the absence of testimony by an opposing expert witness, the issue of whether a plaintiff has sustained a permanent injury is generally one for the jury. Wright v. Ring Power Corp., 834 So.2d 329 (Fla. 5th DCA), rev. denied, 846 So.2d 1148 (Fla.2003); Tolivert v. Estate of Scherer, 715 So.2d 358 (Fla. 5th DCA 1998). It is the function of the jury to evaluate the credibility of the witnesses and the jury is free to accept or reject the testimony of an expert witness on the issue of permanent injury to the plaintiff. Wright; Tolivert; Rice v. Everett, 630 So.2d 1184 (Fla. 5th DCA 1994).
In this case, the evidence supporting the jury's finding of no permanency was less weighty than in many such personal injury cases. There was no IME and defense medical experts due to the fact that Allen was terribly ill with cancer at the time of the trial. But, the contradictory evidence was not inconsequential.
Here the jury viewed photographs of the Allen van which showed little damage, and indicated a low-speed collision. The jury considered the report from the emergency room physician, who found Allen had no significant tenderness and a full range of motion of her neck and shoulders immediately after the accident. She could bend forward and nearly touch her toes and bend backwards without significant pain.
Further, on cross-examination, the defense elicited from Dr. Hunter that he did not know whether Allen's herniated discs in her neck existed or did not exist at the time of the accident. Dr. Hunter acknowledged he had no prior studies to compare so he did not know if the herniated discs were actually there before the accident.
Finally, the defense impeached the medical history Allen had given Dr. Hunter. She told Dr. Hunter she had been in a prior motor vehicle accident and had some neck symptoms but that they had resolved after physical therapy. However, Allen did not give Dr. Hunter any prior history of a lower back problem. The defense showed Allen had, in fact, a long history of lower back pain. Although the defense did not directly impeach Allen' medical history regarding her neck injury, her lack of candor in describing her past back injuries was a factor the jury could have considered in evaluating her credibility and the reliability of Dr. Hunter's medical findings.
We conclude the evidence, although borderline, was sufficient to support the jury's conclusion that Allen did not sustain a permanent neck injury caused by the accident. Thus the trial court should not have set aside that verdict. See Wright (trial court properly denied plaintiff's motion for directed verdict on the issue of permanent injury; although plaintiff presented expert testimony he suffered a permanent injury, the defense in rebuttal presented evidence of plaintiff's pre-existing neck condition, evidence that plaintiff may not have completely disclosed prior neck problems to his treating physician, and a surveillance tape showing plaintiff moving his neck); Rogers (jury's verdict finding no permanent injury was supported by the evidence even though defense did not present expert *1197 testimony where defense discredited plaintiff's evidence she was permanently injured); Rice (in action to recover for injuries to husband and wife, impeachment of wife and videotape which showed physical capabilities of both plaintiffs were sufficient lay evidence to justify the jury's rejection of plaintiffs' expert testimony on permanency).
REVERSED and REMANDED to reinstate the jury verdict.
PETERSON, J., concurs.
TORPY, J., dissents with opinion.
TORPY, J., dissenting.
I cannot find that the trial court abused its discretion on this record. I would affirm.