922 So.2d 234 (2005)
SERVELLO & SONS, INC., Appellant,
v.
Gregory SIMS and Patricia Sims, Appellees.
No. 5D04-3964.
District Court of Appeal of Florida, Fifth District.
December 30, 2005.
Rehearing Denied February 27, 2006.
*235 Richard A. Sherman, Sr., of Richard A. Sherman, P.A., Fort Lauderdale, and Wayne Tosko of Vasquez & Tosko, LLP, Orlando, for Appellant.
Joseph H. Williams of Troutman, Williams, Irvin, Green, Helms & Polich, P.A., Winter Park, for Appellees.
TORPY, J.
In this automobile collision case, Appellant (defendant below) challenges a post-verdict order that granted Appellees' motion for directed verdict on the issue of liability. As a result, the lower court determined that Appellant was 100% at fault for the collision, instead of 34%, as had been the determination of the jury. We reverse and remand for entry of judgment in accordance with the verdict.
While Appellee, Mr. Sims, was driving his Ford Contour to a dealership for repairs, the car became disabled, causing Mr. Sims to coast the car off the highway onto a side street. Mr. Sims contacted the dealership who told him to call Ford roadside assistance for a free tow truck. Mr. Sims complied. After the tow truck failed to arrive within two and one-half hours, he decided to tow the car to the dealership himself. Mr. Sims then called Mrs. Sims to get a tow rope from their garage and bring it to him. Mrs. Sims got the rope and drove their Ford Ranger to the location of the Contour. Mr. Sims tied the rope between their Ranger and the Contour and started towing the Contour onto State Road 436, a divided multi-lane highway. Mr. Sims was driving the Ranger and Mrs. Sims was operating the Contour. At some point, the rope came undone and both vehicles stopped in the right lane of the highway.
Although Mr. and Mrs. Sims were aware that the electrical system in the Contour was not working and there were no hazard lights, brake lights or turn signals, they made no effort to push the Contour off the road, nor did they put up its hood or trunk or direct traffic around the vehicle. Instead, Mr. Sims attempted to reattach the tow rope while both vehicles remained on the highway.
A vehicle operated by Appellant's employee, Michael Coolidge, had been following an SUV for about one-half of a mile in the same lane as the Contour when the SUV abruptly changed lanes. At that point, Coolidge first saw the Contour but, because it did not display any flashers or other indication that it was disabled, he was not immediately aware that it was not moving. Once he realized the Contour was not moving, he started to move into the next lane, but could not do so because *236 there was another car there. Coolidge then hit his brakes as hard as he could but was unable to stop prior to colliding with the Contour, resulting in injury to Appellees. The collision occurred approximately three or four minutes after Appellees' vehicles came to a stop.[1]
At the close of the evidence, Appellees moved for a directed verdict on liability based on the presumption of negligence that exists with respect to the driver of the rear vehicle in a rear-end collision. The court reserved ruling on the motion. The jury returned a verdict finding Mr. Sims 33% liable, Mrs. Sims 33% liable, and Appellant 34% liable. It awarded a total of $2,701,000 in damages to Mr. Sims and $186,030 to Mrs. Sims. Following the verdict, the trial court granted the motion for directed verdict finding that, as a matter of law, Appellant was 100% liable.
A rebuttable presumption of negligence attaches to the driver of the rear vehicle in a rear-end collision situation. Clampitt v. D.J. Spencer Sales, 786 So.2d 570 (Fla.2001); Wright v. Ring Power Corp., 834 So.2d 329, 330 (Fla. 5th DCA 2003). The rear driver can rebut the presumption, however, by presenting evidence that fairly and reasonably tends to show that the presumption of negligence is misplaced. Id. Once the presumption is rebutted, the case goes to the jury as an ordinary negligence case. Klipper v. Gov't Employees Ins. Co., 622 So.2d 1141, 1143 (Fla. 2d DCA 1993). Where, as here, there is evidence from which the jury could reasonably conclude that the lead driver's negligence contributed to the collision, the presumption is rebutted and the issue is for the jury to decide.[2]Cleaveland v. Florida Power & Light, Inc., 895 So.2d 1143 (Fla. 4th DCA 2005). Therefore, the lower court erred by granting the motion for directed verdict.
REVERSED and REMANDED.
ORFINGER, J., and GURROLA, B., Associate Judge, concur.
NOTES
[1] Although some of these facts were in dispute, in considering the motion for directed verdict, the lower court was required to evaluate the testimony in the light most favorable to the nonmoving party, and every reasonable inference deduced from the evidence must be viewed in the nonmoving party's favor. Tenny v. Allen, 858 So.2d 1192, 1195 (Fla. 5th DCA 2003). We are constrained to view the evidence in the same light. Wright v. Ring Power Corp., 834 So.2d 329, 330 (Fla. 5th DCA 2003).
[2] Section 316.071, Florida Statutes (2003), provides:

Whenever a vehicle is disabled on any street or highway within the state or for any reason obstructs the regular flow of traffic, the driver shall move the vehicle so as not to obstruct the regular flow of traffic or, if he or she cannot move the vehicle alone, solicit help and move the vehicle so as not to obstruct the regular flow of traffic. Any person failing to comply with the provisions of this section shall be cited for a nonmoving violation, punishable as provided in chapter 318.
The jury was charged that a violation of this statute is evidence of negligence. No challenge is made by Appellee to the propriety of that charge.