GROSSHANS, J.
*271 We grant the motion for clarification, withdraw our previous opinion, and substitute the following in its place.
In this negligence case, Appellant, Shawn Restal, appeals a final judgment entered by the trial court following a jury verdict for damages in favor of Appellee, Bridget Nocera. Appellant argues that the trial court erred in granting partial summary judgment on the issues of liability and causation. We agree in part, finding that there were issues of material fact that overcame the presumption that Appellant was solely at fault for the vehicle collision at issue in this case. Therefore, we affirm the summary judgment as to Appellant's negligence but reverse on the issue of Appellee's comparative negligence and remand for a new trial.[1]
I. BACKGROUND INFORMATION
The parties were involved in a collision in which Appellant's vehicle struck the rear of Appellee's vehicle. Subsequently, Appellee filed a negligence lawsuit against Appellant alleging permanent bodily injury and various other related damages. The parties were deposed prior to the hearing on summary judgment, and their accounts differed as to how the collision occurred.
According to Appellee's deposition testimony, she was attempting to make a U-turn on an unfamiliar road and began to move toward the median before realizing that she could not make a U-turn at that particular location. She stated that she slowed down somewhat as she was in heavy traffic but maintained a speed of around thirty-three miles per hour. Appellee testified that she did not use her brakes at all or move into the turn lane. Shortly thereafter, she was hit from behind by Appellant.
Contrary to this testimony, Appellant gave the following account:
[Attorney:] ... Do you know whether my client made any type of a lane change?
[Appellant:] She stopped at the U-turn for the median to the U-turn, and that's when I collided with her.
....
[Attorney:] When you first saw my client's vehicle, what did you observe?
[Appellant:] I observed her slamming on her brakes to try to turn into the median, the no U-turn median, and that's when I hit her. She wasn't fully into the median. She was veering into the median, and that's when I ran into the back of her vehicle.
[Attorney:] So, did you see my client's brake lights on?
[Appellant:] Yes.
[Attorney:] Did you see my client's vehicle before the brake lights were on?
[Appellant:] Yes.
....
[Attorney:] How far was your vehicle behind my client's vehicle before the brake lights came on?
*272 [Appellant:] Approximately a little bit more than a half a car behind her.
[Attorney:] Just so I'm clear, when you first saw my client's vehicle, it did not have the brake lights on, correct?
[Appellant:] Yes.
[Attorney:] And my client's vehicle was traveling forward at approximately 34 to 35 miles an hour, right?
[Appellant:] In front, yes.
[Attorney:] At that point in time, your vehicle was approximately one half of a car length behind my client's car, correct?
[Appellant:] A car and a little bit more than a half a car behind her. Not a whole car, but just a little bit more than half.
[Attorney:] And then you saw my client's brake lights come on, correct?
[Appellant:] Yes.
[Attorney:] Can you give me an idea from the time you saw the brake lights go on in my client's vehicle to the point of the crash, how much time elapsed?
[Appellant:] Three seconds.
[Attorney:] At the time of impact, was my client's vehicle still moving forward or had it stopped?
[Appellant:] It stopped.
[Attorney:] It was at a complete stop?
[Appellant:] It was at a complete stop while she was trying to veer off to make a turn in the median. It was at a complete stop, rolling a little bit, I would say, not a complete stop.
[Attorney:] Can you give me an idea of where the front nose of my client's car was relative to a straight line going down Emerson versus that median, that break in the median?
[Appellant:] The front, where she was turning into, the left headlight, the left tire, was probably a little bit over the dotted median line when I hit her.
In his sworn testimony, Appellant also admitted that he could have avoided the collision had he left more room between his vehicle and Appellee's vehicle.
Following the depositions, Appellee moved for partial summary judgment on the issues of liability and causation. Ultimately, the trial court ruled that Appellee was entitled to partial summary judgment pursuant to the presumption of negligence that attaches to rear-end collisions, noting with particularity that Appellant admitted he failed to remain a proper distance behind Appellee.
Subsequently, the case proceeded to trial solely on the issue of damages, and the jury rendered a verdict in favor of Appellee. The trial court entered a final judgment consistent with the verdict and later awarded attorney's fees to Appellee. This appeal follows.
II. ANALYSIS
"Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla. 2000) (citing Menendez v. Palms W. Condo. Ass'n, 736 So.2d 58 (Fla. 1st DCA 1999) ). Accordingly, we review de novo the trial court's decision to grant partial summary judgment. Id.
In a rear-end collision, a rebuttable presumption of negligence attaches to the driver of the rear vehicle. See Clampitt v. D.J. Spencer Sales, 786 So.2d 570, 572-73 (Fla. 2001). However, the presumption that the rear driver's negligence is the sole cause of the collision can be rebutted if there is evidence from which a jury could infer that the front driver was also negligent. See Birge v. Charron, 107 So.3d 350, 360 (Fla. 2012). "The rear-end presumption is not a substantive rule of law that supersedes Florida's comparative negligence system of tort recovery." Id. at 359.
*273 Further, the rear-end presumption does not completely insulate a negligent lead driver from liability for any comparative negligence, and issues of disputed fact regarding negligence and causation should be submitted to the jury. See Servello & Sons Inc. v. Sims, 922 So.2d 234, 236 (Fla. 5th DCA 2005) ; see also Birge, 107 So.3d at 361.
In ruling on a motion for summary judgment, the court must take all facts in the light most favorable to the non-moving party. Vander Voort v. Universal Prop. & Cas. Ins., 127 So.3d 536, 538 (Fla. 4th DCA 2012). Constrained by this principle, we find that there were conflicts in the material facts from which a jury could conclude that Appellee was comparatively at fault for the collision.
The parties' deposition testimony differs significantly in regard to whether Appellee suddenly engaged her brakes and veered in and out of the turn lane. Further, Appellant's assertion that Appellee came to a rolling stop conflicts with Appellee's statement that she only slowed down slightly. When viewing those facts in the light most favorable to Appellant, there was evidence from which a jury could have inferred that Appellee was also partially liable for the collision. Thus, the trial court erred in finding Appellant solely liable for the collision as a matter of law.
Undisputed evidence established that Appellant struck Appellee from the rear and was following Appellee too closely just prior to the collision. These undisputed facts entitled Appellee to a partial summary judgment finding that Appellant was negligent as a matter of law. However, consistent with our analysis above, this finding does not completely shield Appellee from liability under Florida's comparative negligence system.
Accordingly, we affirm the partial summary judgment to the extent that it found Appellant negligent as a matter of law but reverse to the extent it found Appellant was solely at fault. We remand for a new trial at which the issue of Appellee's comparative negligence should be considered by the jury.[2] Because we reverse the final judgment and order a new trial, we also reverse the order of attorney's fees and costs.[3] On remand, the trial court may consider the issue of attorney's fees at the conclusion of the case.
AFFIRMED in part; REVERSED in part; and REMANDED.
EVANDER, C.J., and BERGER, J., concur.

We affirm, without discussion, the jury instruction issue raised by Appellant. Further, based on our holding as to the partial summary judgment, we need not address the merits of Appellant's arguments that the trial court improperly awarded attorney's fees pursuant to the offer-of-judgment statute. See § 768.79, Fla. Stat. (2012) ; see also Fla. R. Civ. P. 1.442.

The sole issue for the new trial shall be whether Appellee was comparatively negligent and, if so, the percentage of fault attributable to Appellee.

See Marty v. Bainter, 727 So.2d 1124, 1125 (Fla. 1st DCA 1999) ("Once a final judgment is reversed and remanded by an appellate court, there can be no prevailing party for purposes of an award of prevailing party attorney's fees. Consequently, an award of attorney's fees and costs predicated on a reversed or vacated final judgment also must be reversed.").