# Third District Court of Appeal
## State of Florida

Opinion filed March 6, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D22-1483; 3D22-1852
Lower Tribunal No. 18-16482
_____

**Angel L. Ortega, et al.,**
Appellants/Cross-Appellees,

vs.

**All Dade Fences Inc., et al.,**
Appellees/Cross-Appellants.

Appeals from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado LLP, Gustavo D. Lage and Augusto R. Lopez, for appellants/cross-appellees.

Conroy Simberg, and Hinda Klein (Hollywood), for appellees/cross-appellants.

Before EMAS, GORDO and BOKOR, JJ.

GORDO, J.

Angel L. Ortega and Rebecca Ortega (the "Ortegas") appeal an order granting All Dade Fences, Inc. ("All Dade") and Yancarlos D. Palacios' ("Palacios") motion for summary judgment. All Dade and Palacios cross-appeal an order denying their motion for entitlement to attorney's fees. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). For the reasons discussed below, we affirm the order granting summary judgment and reverse the order denying entitlement to attorney's fees.

These consolidated appeals arise from two automobile collisions that occurred in September 2015. The initial collision took place after Mr. Ortega rear-ended a vehicle being driven by Palacios. In May 2018, the Ortegas filed a complaint against Palacios and All Dade, the owner of the vehicle, for negligence, vicarious liability and loss of consortium. Two years later, Palacios and All Dade filed a motion for final summary judgment, primarily arguing that the Ortegas had failed to rebut the presumption of negligence that attaches to the rear driver in a rear-end collision. Following a hearing, the trial court granted the motion. Palacios and All Dade moved for section 768.79 attorney's fees based on their rejected proposals for settlement. The trial court held a hearing and subsequently denied the request for fees after concluding that the proposals were ambiguous. This appeal followed.

2

### *I. Summary Judgment*

We review de novo the trial court's grant of summary judgment. See Ibarra v. Ross Dress for Less, Inc., 350 So. 3d 465, 467 (Fla. 3d DCA 2022) ("The standard of review on orders granting final summary judgment is de novo." (quoting Orozco v. McCormick 105, LLC, 276 So. 3d 932, 935 (Fla. 3d DCA 2019))). In Florida, "there is a rebuttable presumption of negligence that attaches to the rear driver in a rear-end motor vehicle collision case." Birge v. Charron, 107 So. 3d 350, 353 (Fla. 2012). Under this presumption, "the driver of the rear vehicle that collides with the back of the lead vehicle is presumed negligent unless the rear driver presents evidence that fairly and reasonably tends to show that the presumption is misplaced." Alford v. Cool Cargo Carriers, Inc., 936 So. 2d 646, 649 (Fla. 5th DCA 2006). "Unless this presumption is rebutted, the beneficiary of the presumption is entitled to judgment thereon as a matter of law." Birge, 107 So. 3d at 353.

On appeal, the Ortegas argue the trial court erred in granting summary judgment because they presented sufficient evidence to overcome the rear-end presumption. Upon review of the record, we find the trial court properly granted the motion because it is uncontroverted that Palacios did not make an abrupt, arbitrary and unexpected stop. See Kao v. Lauredo, 617 So. 2d 775, 777 (Fla. 3d DCA 1993) (stating that only "[a]ffirmative testimony of a

3

sudden and *unexpected **stop*** . . . is sufficient evidence to rebut the presumption" of negligence (quoting <u>Liriano v. Gonzalez</u>, 605 So. 2d 575, 576 (Fla. 3d DCA 1992))) (emphasis added); <u>Clampitt v. D.J. Spencer Sales</u>, 786 So. 2d 570, 575 (Fla. 2001) ("It is well settled that a sudden stop, without more, is insufficient to overcome the presumption of negligence."); <u>Chowdhury v. BankUnited, N.A.</u>, 366 So. 3d 1130, 1134 (Fla. 3d DCA 2023) ("Our new summary judgment standard mirrors the standard for a directed verdict such that the inquiry focuses on 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" (quoting <u>In re Amends. to Fla. R. of Civ. P. 1.510</u>, 309 So. 3d 192, 192 (Fla. 2020))); <u>Ibarra</u>, 350 So. 3d at 467 (stating "[s]ummary judgment is appropriate where the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" and "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted") (citations omitted); <u>Servello & Sons, Inc. v. Sims</u>, 922 So. 2d 234, 236 (Fla. 5th DCA 2005) (finding that only where "there is evidence from which the jury could reasonably conclude that the lead driver's negligence contributed to the collision, the presumption is rebutted and the issue is for the jury to decide").

## II. Attorney's Fees Pursuant to Proposals for Settlement

"Generally, a party's entitlement 'to receive attorney's fees and costs pursuant to section 768.79 and rule 1.442 is reviewed de novo.'" Spanakos v. Hawk Sys., Inc., 362 So. 3d 226, 236 (Fla. 4th DCA 2023) (quoting Pratt v. Weiss, 161 So. 3d 1268, 1271 (Fla. 2015)).  In this case, the trial court found the proposals for settlement were ambiguous for their failure to "state that a judgment would be entered in the amounts offered" and "provide a timeframe for payment."  As we recently found in SDG Dadeland Assocs., Inc. v. Arias, 49 Fla. L. Weekly D186 (Fla. 3d DCA January 17, 2024), neither section 768.79 nor rule 1.442 require that a proposal for settlement contain any such language.  Accordingly, we reverse the trial court's order that determined the proposals for settlement were ambiguous and, therefore, invalid.

Affirmed in part; reversed in part and remanded for further proceedings consistent with this opinion.